Juan Manuel TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–031–CR.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1988.

Larry Warner, John E. Chosy, Brownsville, for appellant.

Benjamin Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Juan Manuel Torres was tried by a jury for murder and convicted for the lesser included offense of voluntary manslaughter. The trial court then sentenced him to 20 years confinement to run consecutively with two other sentences for separate offenses. We affirm.

Appellant was an employee of the Torres Body Shop, where he repaired cars himself and supervised other employees. On several occasions the victim, Antonio Velez, took his car to appellant's place of business to be repaired. On one occasion the victim's daughter, Elisa Velez, took a car in and struck up a relationship with appellant. Appellant and several other defense witnesses testified that the victim subsequently threatened appellant and made certain obscene gestures to him on various occasions. Nevertheless, Miss Velez and appellant continued their relationship and lived together until the day of the shooting. That morning, Miss Velez and appellant argued, after which Miss Velez moved out.

At around 6:00 p.m. that evening, the victim arrived at Torres Body Shop where appellant was working alone. According to the appellant's testimony, the victim came up from behind him while he was working on a car and struck him in the side with a crescent wrench. Appellant fell over and began to back away from the victim, who continued to swing the wrench and threatened to kill him. Appellant told the victim to calm down and asked him to leave, but to no avail. Finally, appellant testified that he picked up a pistol from a nearby toolchest and shot the victim in self-defense. There were no other witnesses to the shooting.

Later, a passing motorist saw the victim's body lying on the ground outside Torres Body Shop with appellant standing over him. The motorist asked if appellant needed help, to which appellant replied, "Get the fuck out of here." The motorist then called the police. When they arrived at the scene, appellant admitted to shooting the victim.

In his fourth point of error, appellant challenges the sufficiency of the evidence to sustain the conviction. In particular, appellant contends that the State failed to disprove his claim of self-defense.

There was no dispute at trial that self-defense was raised by the evidence, and thus the trial court instructed the jury on the law of self-defense in accordance with *Luck v. State*, 588 S.W.2d 371 (Tex.Crim. App.1979). As the Court stated in *Luck*, "when a defense is submitted to the jury, the court is to instruct the jury that a reasonable doubt on the issue requires that the defendant be acquitted." *Luck* at 375. Tex.Penal Code Ann. § 2.03(d) (Vernon 1974).

■ The Court further noted that the State is required to disprove a defense beyond a reasonable doubt after the issue has been properly raised by the evidence. In other words, the defendant has the burden of producing evidence to raise a defense, but the prosecution has the final burden of persuasion to disprove the defense. *Luck* at 375.

■ Since a defense of self-defense requires the accused to admit the commission of the offense, proof merely that appellant intentionally or knowingly killed his victim will not suffice to prove that the act was not done in self-defense. *See Sanders v. State*, 707 S.W.2d 78, 81 (Tex.Crim.App. 1986) (discussing defense).

In a recent divided decision addressing sufficiency of the evidence in a self-defense context, the Dallas Court of Appeals held that a defendant's testimony alone will not conclusively prove self-defense as a matter of law. *Williams v. State*, 710 S.W.2d 828 (Tex.App.—Dallas 1986, pet. ref'd). *Williams* was based in part on *Whitfield v. State*, 492 S.W.2d 502 (Tex.Crim.App.1973), which was in turn based on *Escamilla v. State*, 464 S.W.2d 840 (Tex.Crim.App.1971). *Escamilla* stated that the burden "is on the defendant to prove" self-defense. This case, therefore, is not in harmony with our current Penal Code which places the burden of disproving self-defense on the State.

■ Recently, the Court of Criminal Appeals set forth the standard for an appellate court to review sufficiency questions in cases involving affirmative defenses. The court must review the evidence on the affirmative defense by looking at the evidence in the light most favorable to the implicit finding by the jury with respect to such affirmative defense and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. *Van Guilder v. State*, 709 S.W.2d 178 (Tex. Crim.App.1986), *cert denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986).

More recently, in *Gold v. State*, 736 S.W. 2d 685 (Tex.Crim.App.1987), the Court of Criminal Appeals addressed sufficiency review in a case where voluntary manslaughter was raised, and the State had to prove the absence of "sudden passion rising from an adequate cause" to gain a conviction for murder.

In *Gold*, the Court held:

The State must carry the burden of production and persuasion as to that element; *the fact-finder's rejection of appellant's assertions that he did act under such passion cannot alone supply that element consonant with due process and due course of law.*

*Gold* at 689. (emphasis added).

In contrast, we have also found cases dealing with defenses where the Court has either explicitly or implicitly held that the fact-finder's mere disbelief of the defendant's testimony sufficiently rebutted the defense. *See Nelson v. State*, 573 S.W.2d 9 (Tex.Crim.App.1978); *Johnson v. State*, 571 S.W.2d 170 (Tex.Crim.App.1978); *Appleman v. State*, 531 S.W.2d 806 (Tex. Crim.App.1976); *see also Swain v. State*, 661 S.W.2d 125 (Tex.Crim.App.1983). All of these cases, however, predate *Van Guilder* and *Gold*.

■ Following *Gold*, we find that the jury's disbelief of appellant's testimony in the present case cannot alone be held sufficient to find that the State disproved the self-defense assertion. As the Court did in

*Gold,* we will review all the evidence in the light most favorable to the State, which allows a presumption that the jury invoked its prerogative to discount appellant's testimony as self-serving, to determine if a reasonable jury could have found the absence of the claimed defense beyond a reasonable doubt. *Gold* at 690. So long as we find more than a "mere modicum" of evidence to support it, we must conclude the jury was justified in finding the absence of the defense beyond a reasonable doubt. *Gold* at 690.

■ In the present case, the State offered evidence to show the layout of appellant's body repair shop and the location of appellant, the victim, and their respective weapons within that shop at the time of the killing. The evidence showed that appellant had suffered only minor injuries despite his claim of having been hit from behind with a three to five pound crescent wrench. The evidence showed the physical differences between the 23–year–old appellant and his middle-aged attacker. Evidence showed that the gun appellant used to kill the victim was wiped clean of fingerprints. Evidence showed that appellant did not seek medical help once the shooting occurred, but instead told a passing motorist who stopped to investigate to "get the fuck out of here."

The jury was able to consider the age and physical differences in the men, appellant's acts following the shooting, the severity of the wounds suffered by appellant, and appellant's ability to retreat, in determining whether appellant's use of deadly force was justified. *See Carter v. State,* 515 S.W.2d 668 (Tex.Crim.App.1974).

When all these factors are considered, we find sufficient evidence to support the jury's findings that appellant did not act in self-defense. We point out that physical evidence may be used to rebut the defendant's uncontradicted testimony. *See Huffman v. State,* 691 S.W.2d 726 (Tex.App.—Austin 1985, no pet.); *see also Thomas v.*

*State,* 708 S.W.2d 861 (Tex.Crim.App.1986). Appellant's fourth point of error is overruled.

■ In his first point of error, appellant complains that the cumulation order in the judgment and sentence is void because it recites only the cause numbers of the sentences to be cumulated.

During the sentencing hearing before the trial court, two other offenses were brought to the court's attention. In one, the appellant summarily pled guilty to criminal mischief. In the other, the prosecution sought revocation of probation for a prior offense, based on appellant's actions arising out of the present action. The court designated these offenses by number only. The prosecutor requested that the court cumulate the three sentences and appellant made no objection. The court then sentenced the defendant and cumulated the three sentences, designating the other two only by cause number. Appellant again failed to object to the trial court's lack of specificity.

As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court. *Mercado v. State,* 718 S.W.2d 291, 296 (Tex.Crim.App.1986). In the present case, if appellant was misled as to which offenses were being cumulated, he had ample opportunity to object during the hearing. His failure to object waives any error due to lack of specificity.

■ Even if appellant had preserved error, however, an order cumulating sentences which refers only to prior cause numbers is sufficient if it is entered in the same court as the sentence to which it is made cumulative.[1] *Williams v. State,* 675 S.W.2d 754, 764 (Tex.Crim.App.1984); *Gonzalez v. State,* 659 S.W.2d 470, 474 (Tex. App.—Corpus Christi 1983, pet. ref'd). The trial court is advised to follow *Ward v. State,* 523 S.W.2d 681 (Tex.Crim.App.1975)

1. In the present case it is apparent that the criminal negligence offense was *before the same court,* and we take judicial notice of the rule requiring probation revocation hearings to be before the court in which the appellant was originally tried or one to which jurisdiction has properly been transferred. Tex.Code Crim. Proc.Ann. art. 42.12.B.5(a) (Vernon Supp.1988).

in cumulating sentences. Appellant's first point of error is overruled.

 In his second point of error, appellant complains that the trial court erred in making an affirmative finding that he used and exhibited a deadly weapon. The indictment alleged murder, "by shooting the deceased with a firearm." The proof at trial showed no other possible manner of killing except by shooting the victim with a firearm. The jury found the appellant guilty of the lesser included offense of voluntary manslaughter, but made no specific finding of use of a firearm or deadly weapon. The punishment phase of trial was to the court, which made an affirmative finding that the appellant used and exhibited a deadly weapon during the commission of the offense.

Appellant relies upon *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985), for the proposition that an affirmative finding on use of a deadly weapon is only proper in the three situations explained in *Polk*. We need not address the *Polk* requirements, however, because they only apply where the jury decides punishment as well as guilt. *Id.*, 693 S.W.2d at 394; *Fann v. State*, 702 S.W.2d 602, 604 (Tex.Crim.App. 1985). Where the trial judge was the trier of fact at the punishment stage of trial, he has the authority to make an affirmative finding on use of a deadly weapon if the jury has not decided the matter. *Fann*, 702 S.W.2d at 604; *Flores v. State*, 690 S.W.2d 281, 283 (Tex.Crim.App.1985). Appellant's second point of error is overruled.

In his third point of error, appellant complains that the trial court was without authority to assess punishment on the manslaughter conviction, because the State failed to consent to appellant's change of election from jury to court assessment of punishment in accordance with Tex.Code Crim.Proc.Ann. art. 37.07 § 2(b) (Vernon Supp.1988). Where the State does not object to a change of election, however, its consent will be inferred and appellant cannot challenge his conviction on this basis for the first time on appeal. *Hackey v. State*, 500 S.W.2d 520, 521 (Tex.Crim.App. 1973); *Garza v. State*, 479 S.W.2d 294,

296–95 (Tex.Crim.App.1972). Appellant's third point of error is overruled.

The judgment of the trial court is AFFIRMED.