**Juan Manuel TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 804–88.

Court of Criminal Appeals of Texas,
En Banc.

May 3, 1989.

Rehearing Denied April 4, 1990.

Larry Warner, Port Isabel, for appellant.

Benjamin Euresti, Jr., Dist. Atty., John A. Olson, Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of voluntary manslaughter. Punishment was assessed by the trial court at twenty (20) years in the Texas Department of Corrections. On appeal the Corpus Christi Court of Appeals affirmed the conviction. *Torres v. State*, 751 S.W.2d 705 (Tex.App.—Corpus Christi, 1988).

The appellant raises five grounds for review, upon which we granted his petition. Upon further consideration, however, we believe our decision to do so was improvident, and we agree with the Court of Appeals that affirmance is warranted.

As is true in every case where discretionary review is refused, however, this refusal does not constitute endorsement or adoption of the language or reasoning employed by the Court of Appeals. *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). This is especially true in this case where the Court of Appeals relied (somewhat justifiably) on our then recent case of *Gold v. State*, 736 S.W.2d 685 (Tex.Cr.App.1987), in saying "as long as we find more than a 'mere modicum' of evidence to support it, we must conclude the jury was justified in finding the absence of the defense beyond a reasonable doubt." *Torres*, supra at 707.

Recently, in *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989), we explicitly rejected the "any evidence" or "mere modicum" test for sufficiency of the evidence and expressly overruled *Combs v. State*, 643 S.W.2d 709 (Tex.Cr.App.1982) to the extent of conflict. We agree with Judge Teague's dissenting opinion in *Gold*, supra, wherein he quoted the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 312–313, 320, 99 S.Ct. 2781, 2785–2786, 2789, 61 L.Ed.2d 560:

> That the Thompson "no evidence" rule is simply inadequate to protect against misapplications of the constitutional standard of reasonable doubt is readily apparent. "[A] *mere modicum of evidence may satisfy a 'no evidence' standard*" [citations omitted]. Any evidence that is relevant—that has any tendency to make the existence of an element of a crime more probable than it would be without the evidence, cf. Fed.Rule Evid. 401—could be deemed a "mere modicum." *But it could not seriously be argued that such a modicum of evidence could by itself rationally support*

a conviction beyond a reasonable doubt.

*Gold,* supra, 692–693 [emphasis supplied]. We therefore take this opportunity to disavow language in *Gold,* supra, that states:

So long as we find more than a "mere modicum" of evidence to support it, we must conclude the jury was justified in finding the absence of sudden passion beyond a reasonable doubt. *Gold,* supra, 690.

With this understanding, we refuse appellant's petition for discretionary review.

McCORMICK, P.J., and W.C. DAVIS and WHITE, JJ., concur in result.