Theresa Gail LETSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–89–987–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1990.

Carol A. Browne, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before ROBERTSON, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Theresa Gail Letson, appeals her judgments of conviction for two counts of assault. TEX.PENAL CODE ANN. § 22.01 (Vernon 1989). The jury rejected appellant's not guilty plea, and the Court assessed punishment at one year confinement in the Harris County Jail probated for one year with a fine of two hundred and fifty dollars on each count of the indictment. We affirm.

This appeal arises from an incident on May 16, 1989 at the Astrodome in Harris County Texas. Blatent Below, the Assistant Director of Customer Service and Security at the Astrodome, testified that prior to a game on May 16, 1989, his attention was directed to a sign periodically being displayed that he did not consider to be in good taste. During the game, Below told the man displaying the sign not to do so again or he would give him his money back. The man and his wife both went down to the railing on aisle 268 in the Astrodome and displayed the sign anyway, disrupting the ballgame. The sign was waved in front of the bullpen causing the pitchers who were warming up to stop. Below told the man that he was going to have to leave the stadium, at which time the man passed the sign into the crowd.

Below then observed appellant with the sign running up and down the aisle. He grabbed the sign away from her and started out with it. Appellant followed him, cursed him, and tried to get the sign back, at which time Below ripped the sign. Appellant struck Below on his left shoulder and kicked him in the thigh.

Doug Hamilton, a Houston police officer, testified that on May 16, 1989 he was working an extra job at the Astrodome when he was called to a disturbance. Hamilton observed appellant walking behind Mr. Below and arguing with him. Upon learning that appellant was involved in the disturbance, Hamilton took her by the arm and told her that he wanted to talk to her to find out what was going on. Hamilton turned appellant over to officer Krellin while he tried to keep back the remainder of the crowd, that included appellant's brother.

The crowd was pushing and shoving, and Hamilton made the decision to arrest appellant's brother. Hamilton had him by the arm and walked him out, at which time the brother lunged at officer Krellin. Hamilton "took him down" and he "passed out." Hamilton got down on his knees to handcuff the brother, at which time appellant kicked Hamilton in the back. Hamilton stated that it did hurt, and he later received medication for pain.

C.M. Krellin, a Houston police officer, testified that he was working at the Astrodome on May 16, 1989 when he was informed by Hamilton that appellant was involved in a disturbance, and that he was to hold on to her. Krellin tried to get appellant away from the crowd, and began talking with her. Krellin wanted to take appellant outside to find out what went on and how she was involved, but she refused to go. Appellant was abusive and was cursing, and Krellin had to forcibly move her.

While Krellin was trying to take appellant outside, she kicked him in the groin with her foot. Krellin stated that she kicked him "pretty hard," and that it did hurt, causing a sharp pain. As Krellin handcuffed appellant, he observed Hamilton restraining appellant's brother. When Krellin turned around to check on Hamilton, who was now on his knees handcuffing the brother, he observed appellant kick Hamilton in the back. Krellin then restrained appellant, and stated that he could tell Hamilton was in pain.

The trial court took judicial notice of the fact that the Astrodome is located in Harris County, Texas and duly instructed the jury.

■ In her first point of error, appellant asserts that two separate judgments were entered against her upon a single indictment, and that this is fundamental error. Appellant was indicted on two-counts of misdemeanor assault and she was convicted by a jury on each count. The trial court then assessed identical punishments on

each count and prepared a judgment for each count. Specifically, appellant complains that the State is not entitled to more than one conviction arising out of a single indictment. This point would be well taken if the relevant section of the penal code had not been amended. However, Chapter 3 of the Penal Code was amended effective September 1, 1987 to read as follows:

In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX.PENAL CODE ANN. § 3.01 (Vernon Supp. 1990). Since appellant was found guilty of two offenses arising out of the same criminal episode prosecuted in a single criminal action, "sentence for each offense for which she had been found guilty shall be pronounced." TEX.PENAL CODE ANN. § 3.03 (Vernon 1974).

The Code of Criminal Procedure states as follows:

If the charging instrument contains more than one count or if two or more offenses are consolidated for trial pursuant to Chapter 3 of the Penal Code, the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 1(c) (Vernon 1981). Furthermore, "[p]unishment shall be assessed on each count on which a finding of guilty has been returned." TEX.CODE CRIM.PROC.ANN. art. 37.-07, § 2(c) (Vernon 1981).

Appellant was arrested on May 16, 1989, thus her trial would be governed by the September 1, 1987 amendment. Appellant did not object to being tried on both counts instead, she requested that both counts be tried together. Appellant's first point of error is overruled.

■ In her second point of error appellant asserts that court's charge was in violation of TEX.CODE CRIM.PROC.ANN. art. 36.-14 (Vernon 1981). Appellant specifically complains about the instructions in the court's charge pertaining to self-defense, wherein the court informed the jury of the circumstances in which the use of force to resist an arrest or search would be justified. The only objection to the charge was made by the State, there was no objection made by appellant. Appellant's failure to object did not preserve error. Non-preserved error in the court's charge requires a higher level of harm to merit reversal. *Gibson v. State*, 726 S.W.2d 129, 133 (Tex. Crim.App.1987). Harm to appellant must be so egregious that she was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (Op. on reh'g.) cert. denied 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987).

■ There is no question that appellant was in the custody of and was being detained by, a Houston police officer. Appellant was not free to leave, and the police officer was technically effecting an arrest. TEX.PENAL CODE ANN. § 9.01(1)(A) (Vernon 1974); TEX.PENAL CODE ANN. § 38.01(2) (Vernon 1989). Appellant testified that the officer was in the process of handcuffing her when she kicked him. In order to claim self-defense against the use of unlawful force under these circumstances, appellant had to show that the force used to resist an arrest against the police officer was justified. TEX.PENAL CODE ANN. § 9.31(a) (Vernon 1974), (b) & (c) (Vernon 1974). This was clearly appellant's theory of the case, although appellant was not charged with resisting arrest. Without the complained of instructions, appellant could never have shown self-defense, since, under the circumstances, she could not have shown that her kicking of the police officer was in response to *unlawful force*. TEX.PENAL CODE ANN. § 9.31(a) (Vernon 1974). Limiting the right of self-defense against an unlawful arrest is a reasonable and legitimate exercise of police power, and one

may not presume that the threatened use of force by a police officer will become more than a threat or that the use of force will be excessive. *Whiteside v. State*, 756 S.W.2d 765, 769 (Tex.App.—Corpus Christi 1988, pet. ref'd). Appellant had to show excessive force on the part of the police officer before the justification of self-defense would have even been applicable.

■ Before appellant can show harm, she must first show that the charge contained error. The court's charge presented the applicable law and protected the rights of appellant. When the charge, taken as a whole, sufficiently presents the applicable law and protects the rights of the accused, the resulting conviction will not be reversed on appeal. *Massie v. State*, 744 S.W.2d 314, 317 (Tex.App.—Dallas 1988, pet. ref'd). The charge directly followed appellant's defensive theory and was not erroneous. Appellant's second point of error is overruled.

In her third point of error appellant asserts that the trial judge erred in instructing the jury on self-defense and that such error is egregious. This instruction complained of is the same one as in point of error two. The analysis of appellant's second point of error applies equally to the third. Accordingly it is overruled. Appellant's third point of error is overruled.

In her fourth point of error appellant argues the evidence was insufficient to sustain count two of the information, as the state failed to disprove Appellant's defense. Count two is the alleged assault on Officer Hamilton. Appellant's defensive theory was a defense of a third party.

■ Appellant testified that all she saw was Hamilton on the ground with her brother, and she pushed Hamilton to the side with her foot because she "just wanted to see if her brother was okay." Although appellant feared for her brother's safety, she denied kicking Hamilton. She testified that she did not know what, if anything, happened to her brother. Therefore, according to her testimony, there was nothing to defend. In addition, the fact that her intent was to see if her brother was okay, after the fact, does not raise the defense of third person. TEX.PENAL CODE ANN. § 9.33 (Vernon 1974). There is no evidence that appellant's actions were to *protect* her brother. Absent evidence that a police officer was using or attempting to use excessive force in attempting to arrest defendant's brother, defendant was not entitled to an instruction on defense of third person. *Whiteside v. State*, 756 S.W.2d 765 (Tex.App.—Corpus Christi, 1988, pet. ref'd).

■ Even if the defense of third person were raised by the evidence, the "defense" was disproved beyond a reasonable doubt. Once Hamilton made the decision to arrest appellant's brother, and proceeded to walk him out of the Astrodome, the brother lunged at officer Krellin, who was in the process of arresting appellant. Hamilton had to restrain the brother and he passed out. While Hamilton was on his knees to handcuff the brother, appellant kicked him in the back. According to the testimony, neither Krellin nor appellant saw what happened to the brother prior to Hamilton's attempt to handcuff him. We find that even if Hamilton had used unlawful force against the brother, and even if appellant had testified that she intended to protect the brother, the defense of third person still would not apply in this instance since appellant did not observe the unlawful force or realize that unlawful force, if any, had been used against her brother. TEX. PENAL CODE ANN. § 9.33(1) (Vernon 1974).

■ The jury, being the judges of the facts and the credibility of the witnesses, could choose to believe or not believe the witnesses, or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), cert. denied, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). If there is evidence that establishes guilt beyond a reasonable doubt which the trier of fact believes, the judgment cannot be reversed on sufficiency of the evidence grounds. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984), cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). Appellant's testimony alone will not conclusively prove self-defense as a

matter of law. *Williams v. State,* 710 S.W.2d 828 (Tex.App.—Dallas 1986, pet. ref'd).

After reviewing the evidence in the light most favorable to the verdict, which allows a presumption that the jury invoked its prerogative to discount appellant's testimony as self-serving, a reasonable jury could have found the absence of the claimed defense beyond a reasonable doubt. *Torres v. State,* 751 S.W.2d 705, 708 (Tex.App.—Corpus Christi 1988, pet. ref'd). The evidence disproved the defense of third person beyond a reasonable doubt. Appellant's fourth point of error is overruled.

In her fifth point of error, appellant asserts: The trial court erred when instructing the jury regarding the judicial notice taken for the reason that the instruction given violates the TEX.R.CRIM.EVID. (Vernon 1986) Rule 201(g) and the TEX.CODE CRIM. PROC.ANN. arts. 38.04 & 38.05 (Vernon 1981).

After the State rested its case, and at the request of the State, the trial court took judicial notice of the fact that the Astrodome is in Harris County, Texas. The court instructed the jury as follows:

> THE COURT: ... Ladies and gentleman of the jury, the State has no other witnesses. I'm going to instruct you at this time that the Astrodome, and you are to consider, and I'm going to take judicial notice for the record that the Astrodome is in Harris County, Texas, and you are to consider that in your deliberations.

■ Appellant did not object to the instruction, only to the fact that the court took judicial notice of the fact that the Astrodome is in Harris County, Texas. Where the objection made at trial is not the same as that argued on appeal, nothing is preserved for review. *Buxton v. State,* 699 S.W.2d 212, 217 (Tex.Crim.App.1985), cert. denied, 476 U.S. 1189, 106 S.Ct. 2929, 91 L.Ed.2d 556 (1986).

■ Further the trial court had no alternative other than to take judicial notice of this fact since the State requested that the court do so and the statute is mandatory. TEX.R.CRIM.EVID. 201(d) (Vernon 1986).

The fact was not one that was subject to reasonable dispute, as appellant even conceded during discussions that the Astrodome is in Harris County, Texas.

■ The trial court did not err in its instruction to the jury. The mandatory instruction allowed the jury to give whatever weight it deemed appropriate in assessing the judicially noticed fact, and clearly cannot be considered a comment on the weight of the evidence. Appellant's fifth point of error is overruled.

In her sixth point of error, appellant contends the evidence is insufficient to sustain the conviction on count one for the reason that the state failed to prove beyond a reasonable doubt that officer Krellin suffered bodily injury. In her seventh point of error, appellant contends the evidence is insufficient to sustain the conviction on count two for the reason that the state failed to prove beyond a reasonable doubt that officer Hamilton suffered bodily injury.

■ The standard for reviewing the sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). The jury, being the judges of the facts and the credibility of the witnesses, could choose to believe or not believe the witness, or any portion of their testimony. *Sharp v. State,* 707 S.W.2d 611 (Tex. Crim.App.1986). If there is evidence that establishes guilt beyond a reasonable doubt which the trier of fact believes, the judgment cannot be reversed on sufficiency of the evidence grounds. *Wicker v. State,* 667 S.W.2d 137 (Tex.Crim.App.1984).

■ As to count one, officer Krellin testified that while he was trying to take appellant outside, she kicked him "pretty hard" in the groin with her foot, and that it did hurt, causing a sharp pain. As to count two, officer Hamilton testified that while he was in the process of handcuffing appel-

lant's brother, appellant kicked him in the back, causing pain for which he later received medication.

The penal code defines "bodily injury" as physical pain, illness, or any impairment of physical condition. TEX.PENAL CODE ANN. § 1.07(a)(7) (Vernon 1974). A person commits the offense of assault if the person *causes* bodily injury to another. TEX.PENAL CODE ANN. § 22.01(a)(1) (Vernon 1989) (emphasis added).

Apparently, the jury decided that Krellin and Hamilton were in the best position to determine whether or not appellant caused them physical pain, and chose to believe their testimony. We find that the evidence is sufficient on the issue of bodily injury as to each count. Appellant's sixth and seventh points of error are overruled.

Accordingly, we affirm the judgment of the trial court.