TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00384-CR







Abel Buentello, Appellant



v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0941891, HONORABLE LARRY FULLER, JUDGE PRESIDING







 This is an appeal from a conviction for aggravated sexual assault of a child. Tex. Penal
Code Ann. § 22.011(a)(1)(A) (West 1994). (1) The jury found appellant guilty and the trial court assessed
punishment at 10 years' imprisonment.

 Appellant advances four points of error. First, appellant contends that the trial court
committed fundamental error by failing to sua sponte declare a mistrial as to the entire case when the jury
could not agree on punishment and appellant moved, with the consent of the State, to withdraw the case
from the jury. Second, third and fourth, appellant contends that the trial court committed fundamental error
by entering a judgment of conviction and sentencing him because such judgment was void in that (1) the
jury's verdict at the guilt/innocence stage of the trial had been rendered null and void and there was no plea or verdict to support a sentence, (2) he had
not waived his right to trial by jury in writing, and (3) he had not received the admonishments required
before a trial court can accept a plea of guilty.

 All four points of error involve claims of fundamental error because there was no timely
specific objection to any procedure now complained of on appeal. Tex. R. App. P. 52(a). Without a
timely objection, any error is normally waived. Robinson v. State, 728 S.W.2d 858, 860 (Tex.
App.--Austin 1987, no pet.). Even constitutional rights may be waived by failure to object at trial. See
Garcia v. State, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994); Briggs v. State, 789 S.W.2d 918, 924
(Tex. Crim. App. 1990); Corley v. State, 582 S.W.2d 815, 821 (Tex. Crim. App. 1979). Moreover,
a defendant in a criminal prosecution for any offense may waive any rights secured him by law except the
right to trial by jury in a capital felony case. Tex. Code Crim. Proc. Ann. art. 1.14(a) (West Supp. 1996). 
The instant case is not a capital felony case. We thus examine the record to determine fundamental error,
if any, as claimed by appellant.

 In the instant case, appellant pleaded "not guilty" before a jury to the indictment, having
timely elected in writing to have the jury assess punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b)
(West Supp. 1996). At the guilt/innocence stage of the trial, the jury returned its verdict finding appellant
guilty of aggravated sexual assault of a child. At the penalty stage of the bifurcated trial, the jury heard brief
testimony, was given a jury charge by the trial court, heard arguments, and retired to deliberate the issue
of punishment. Subsequently, the jury sent a note to the trial court indicating that it was deadlocked. The
trial court gave an Allen type charge, (2) and the jury retired to continue its deliberations. Thereafter,
appellant, with the consent of the State, moved to withdraw the issue of punishment from the jury, and have
the trial court assess punishment. The trial court granted the motion after personally questioning appellant
and his counsel. The trial court assessed appellant's punishment at ten years' imprisonment in accordance
with a plea bargain submitted to the trial court. The jury was recalled and then discharged after an
explanation of what had transpired during their deliberations.

 The formal judgment of conviction reflects that appellant entered a plea of not guilty and
had a jury trial on the issue of guilt or innocence; that after a finding of guilty, appellant was granted the right
to have the issue of punishment withdrawn from the jury; and that the trial court thereafter assessed
punishment at ten years' imprisonment. The procedure used was proper under the circumstances.

 Article 37.07, section 2(b) of the Code of Criminal Procedure provides:



(b) Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be
the responsibility of the judge to assess the punishment applicable to the offense;
provided, however, that (1) in any criminal action where the jury may recommend
probation and the defendant filed his sworn motion for probation before the trial
began, and (2) in other cases where the defendant so elects in writing at the time he
enters his plea in open court, the punishment shall be assessed by the same jury. If
a finding of guilty is returned, the defendant may, with the consent of the
attorney for the state, change his election of one who assesses the punishment.



Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 1996) (emphasis added). It is clear from the
statute that a defendant may, with the consent of the prosecutor, change his election of "one who assesses
punishment," if a finding of guilty has been returned. See, e.g., in Doyle v. State, 888 S.W.2d 514, 515-16
(Tex. App.--El Paso 1994, pet. ref'd). The statute does not include an express time limitation as to when,
after the finding of guilty, the option to change the election of the assessor of punishment must be made. 
Of course, it would be better practice to have the change in election made after the finding of guilt and prior
to the commencement of the penalty stage of the trial as in Singleton v. State, 479 S.W.2d 672 (Tex.
Crim. App. 1979). Other cases have indicated, however, that the change in election may be made at any
time while the trial is in progress. Benson v. State, 496 S.W.2d 68, 70 (Tex. Crim. App. 1973); see also
Martin v. State, 753 S.W.2d 384, 389-90 (Tex. Crim. App. 1988); Garza v. State, 479 S.W.2d 294,
296-97 (Tex. Crim. App. 1972). Moreover, if a defendant does not object to the trial court's assessment
of punishment after he had originally elected to have the jury assess punishment, it will be presumed that
the defendant agreed to the change in election. Hackey v. State, 500 S.W.2d 520, 521 (Tex. Crim. App.
1973); Jones v. State, 644 S.W.2d 546, 549 (Tex. App.--Dallas 1982), pet. ref'd, 646 S.W.2d 499
(Tex. Crim. App. 1983). Under such circumstances, the defendant has waived his right to have the jury
assess punishment. Martin, 753 S.W.2d at 390. A defendant cannot complain for the first time on appeal
that the State did not consent to the change in his election. When the State has not objected to a change
in election its consent will be inferred. Torres v. State, 751 S.W.2d 705, 709 (Tex. App.--Corpus Christi
1988), pet. ref'd, 785 S.W.2d 824 (Tex. Crim. App. 1990); see also Hackey, 500 S.W.2d at 521.

 Appellant contends that in the instant case the "rule of completeness" established by section
3(c) of article 37.07, "means that once the matter of punishment has been referred to the jury the finding
of guilt returned by the jury in the first phase of the bifurcated proceeding cannot be a duly recorded verdict
that would support a judgment of conviction when the jury does not reach a decision on punishment." 
Section 3(c) provides:



(c) In cases where the matter of punishment is referred to the jury, the verdict shall not
be complete until the jury has rendered a verdict both on the guilt or innocence of
the defendant and the amount of punishment, where the jury finds the defendant
guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury
shall be discharged, and no jeopardy shall attach.



 Section 3(c) has been a part of article 37.07 of the 1965 Texas Code of Criminal
Procedure, since January 1, 1966, (3) at a time when bifurcated criminal trials were permitted in certain cases. 
When the jury was elected to assess punishment two verdicts were normally necessary. This was a change
in some respects from the unitary trial system in criminal cases where there was one general verdict. 
Appellant cites no authority to support his conclusion that at a certain point section 3(c) prohibits a change
in the election of the assessor of punishment. Section 3(c) must be read in light of section 2(b) and the
authorities cited above. Furthermore, a party may not invite error and then successfully complain on appeal
when his request is honored by the trial court. State v. Yount, 853 S.W.2d 6, 14 (Tex. Crim. App. 1993);
Capistran v. State, 759 S.W.2d 121, 126 (Tex. Crim. App. 1982).

 In appellant's first point of error, he urges that there was fundamental error in the court's
failure to sua sponte declare a mistrial as to the entire trial when the jury could not agree on punishment
and appellant had moved, with the consent of the State, to withdraw the case from the jury and have the
trial court assess punishment. If appellant's earlier discussed argument is that the trial court had no authority
under the circumstances to withdraw the case from the jury, then the correct action would have been to
deny appellant's motion. Appellant now claims for the first time on appeal that the trial court on its own
motion should have ignored his request and declared a mistrial as to the entire case. (4) Such a declaration
on the trial court's own motion without appellant's consent, and contrary to appellant's motion and without
manifest necessity, may have resulted in double jeopardy barring any retrial. See Ex parte Littles, 887
S.W.2d 62, 64-65 (Tex. Crim. App. 1994). Clearly, there was no error, much less fundamental error, in
the failure of the trial court to take sua sponte action. The first point of error is overruled.

 Next, appellant complains of fundamental error in the trial court's entry of a judgment of
conviction when such judgment is void "because the verdict of the jury at the guilt innocence phase was
rendered a nugatory proceeding and there was no plea or verdict to support a finding of guilt or a
sentence." Appellant's argument is apparently based in large measure on the contention that the trial court
should have granted a mistrial; this argument has already been rejected. Otherwise, appellant's argument
falls of its own weight. Appellant's plea of not guilty and the guilt-innocence phase of the trial were not
affected by appellant's later motion to have the trial court assess punishment. Point of error two is
overruled.

 In his third point of error, appellant contends that the trial court committed fundamental
error in entering a judgment of conviction and sentencing him because such judgment is void in that he "did
not waive his right to trial by jury in writing." Appellant argues that when the trial court granted his motion
to withdraw the case from the jury, the trial court did not have him sign a waiver of trial by jury. See Tex.
Code Crim. Proc. Ann. art. 1.13 (West Supp. 1996.).

 The constitutional right to trial by jury does not encompass the right to have the jury assess
punishment. Bullard v. State, 548 S.W.2d 13, 19 (Tex. Crim. App. 1977); see also Tinney v. State,
578 S.W.2d 137, 138-39 (Tex. Crim. App. 1979); Martin v. State, 452 S.W.2d 481, 482 (Tex. Crim.
App. 1970; Barcroft v. State, 881 S.W.2d 838, 842-43 (Tex. App.--Tyler 1994, no pet. h.). 
Nevertheless, appellant had a statutory right to have the jury assess punishment under article 37.07, § 2(b). 
See Washington v. State, 677 S.W.2d 524, 527 (Tex. Crim. App. 1984). But in accordance with the
statute and after the finding of guilty by the jury, appellant, with the consent of the State, changed his
election as to the assessor of the penalty to be imposed. The legislature having the authority to allow the
jury to assess punishment may alter, modify, or provide the conditions under which that procedure is carried
out. See Prater v. State, 903 S.W.2d 57, 60 (Tex. App.--Fort Worth 1995, no pet h.).

 Appellant was accorded a trial by jury upon his not guilty plea. There was no requirement
for a jury waiver in writing. See Tex. Code Crim. Proc. Ann. art. 1.13 (West Supp. 1996). He later
withdrew his election to have the jury assess punishment with the consent of the State as provided by article
37.07, section 2(b) which does not require a written waiver. The change in election was made a part of
the record. There was no change in appellant's plea. We do not conclude that article 1.13 has application
to the instant case. We find no fundamental error in the entry of the judgment. Point of error three is
overruled.

 In his last point of error, appellant claims that the judgment of conviction is void because
he "did not receive from the [trial] court any of the admonishments required before the court can accept
a plea of guilty." See Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989 & Supp. 1996). Appellant
entered a plea of not guilty before a jury. There is no requirement that he be admonished of the
consequences of his plea before the guilt-innocence phase of the trial. Article 26.13 is not applicable. 
Appellant provides no authority, and we find none, supporting the proposition that a defendant must be
admonished when he changes his election as to who is to fix punishment after a jury conviction. Cf. Doyle,
888 S.W.2d at 517. In changing his election, appellant did not change his plea. His contention is without
merit. Point of error four is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Jones and Onion*

Affirmed

Filed: January 10, 1996

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. [1]  For the sake of convenience, the current Penal Code section is cited. There has been no change in
section 22.011(a)(1)(A) from the time of the alleged offense. See Act of May 29, 1987, 70th Leg., R.S.,
ch. 1029, § 1, 1987 Tex. Gen. Laws 3474.
2. [2]  See Allen v. United States, 164 U.S. 492 (1896).
3. [3]  See Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 462-63. 
Section 3(c) was originally section 3(d) of article 37.07 in the 1965 Code.
4. [4]  The trial court is without authority to grant only a new hearing on punishment under article 44.29(b). 
Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 1996); State v. Bates, 889 S.W.2d 306, 310-11
(Tex. Crim. App. 1994).



. Code Crim. Proc. Ann. art. 1.13 (West Supp. 1996). He later
withdrew his election to have the jury assess punishment with the consent of the State as provided by article
37.07, section 2(b) which does not require a written waiver. The change in election was made a part of
the record. There was no change in appellant's plea. We do not conclude that article 1.13 has application
to the instant case. We find no fundamental error in the entry of the judgment. Point of error three is
overruled.

 In his last point of error, appellant claims that the judgment of conviction is void because
he "did not receive from the [trial] court any of the admonishments required before the court can accept
a plea of guilty." See Tex. Code Crim. Proc. Ann. art. 26.13 (West 1989 & Supp. 1996). Appellant
entered a plea of not guilty before a jury. There is no requirement that he be admonished of the
consequences of his plea before the guilt-innocence phase of the trial. Article 26.13 is not applicable. 
Appellant provides no authority, and we find none, supporting the proposition that a defendant must be
admonished when he changes his election as to who is to fix punishment after a jury conviction. Cf. Doyle,
888 S.W.2d at 517. In changing his election, appellant did not change his plea. His contention is without
merit. Point of error four is overruled.

 The judgment is affirmed.