NO. 07-03-0486-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 9, 2005
_____

ROBERT LEE CERDA,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 93-417,390; HON. CECIL PURYEAR, PRESIDING
_____

Before QUINN, C.J., and REAVIS, and CAMPBELL, JJ.

Appellant, Robert Lee Cerda, appeals his conviction for murder. His two issues are that 1) the evidence is legally and factually insufficient to negate that he acted from the presence of an immediate influence of sudden passion arising from adequate cause, and 2) the evidence is insufficient to prove that he did not act in self-defense. We affirm the judgment of the trial court.

### Background

Susie Garcia maintained an on again, off again relationship with the decedent, Sabas Ortiz, Jr., for about five years. During one of the times when the couple was

separated, she dated appellant. After having reunited with Ortiz, appellant continued to call her and come to her house although she told him not to do so. Around 4:00 a.m. on August 13, 1993, Ortiz was sleeping on the sofa in the den of Garcia's house when appellant came to the back door. A witness heard loud pounding and another testified that the door held a mark indicative of someone kicking it. Thereafter, appellant and Ortiz engaged in a fight with knives in the den by the back door. Ortiz dropped his knife before the fight moved into the kitchen. There, in the kitchen, Garcia found the two. At that point, the decedent was bent over a cabinet while appellant was immediately behind him. Garcia said that it appeared appellant was choking or holding his victim. Furthermore, testimony revealed not only that the fatal knife wound was inflicted in the kitchen after Ortiz had dropped his knife in the den but also that it appeared Ortiz had attempted to retreat into the kitchen. Eventually, Garcia retrieved a BB gun, pointed it at appellant and threatened to shoot him. Appellant then fled.

An autopsy revealed that Ortiz had been stabbed 12 times. Three of the wounds were in his back. He later died at the hospital, and appellant turned himself into the police, claiming self-defense.

### Issue 1 - Sudden Passion

In his first issue, appellant contends the evidence is legally and factually insufficient to negate that he acted from an immediate influence of sudden passion arising from an adequate cause. We overrule the issue.

The standards by which we review legal and factual sufficiency challenges are well established. We refer the parties to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d. 600 (Tex. Crim. App. 2003), *Zuliani v. State,*

2

97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000) for an explanation of them.

At the time of the killing, sudden passion, or the lack thereof, constituted an implied element of the offense of murder. *Johnson v. State,* 815 S.W.2d 707, 710 (Tex. Crim. App. 1991). Once raised, the State had the burden to disprove, beyond reasonable doubt, its presence. *Id.* To do so, the State could establish that there was no provocative conduct or at least none at the time of the offense. *Gold v. State,* 736 S.W.2d 685, 690 n.3 (Tex. Crim. App. 1987), *overruled on other grounds by Torres v. State,* 785 S.W.2d 824 (Tex. Crim. App. 1989). Next, sudden passion consists of passion arising at the time of the offense and directly caused by the words or conduct of the individual killed. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, 1973 Tex. Gen. Laws 883, 913, *amended by* Act of May 28, 1973, 63rd Leg., R.S., ch. 426, art. 2 §1, 1973 Tex. Gen. Laws 1122, 1124.

Additionally, one who provokes or instigates a confrontation cannot claim sudden passion to excuse his actions. *See Naasz v. State,* 974 S.W.2d 418, 425 (Tex. App.–Dallas 1998, pet. ref'd) (finding that the defendant provoked the confrontation because he tracked his estranged wife down at night due to being upset over a culmination of events); *Westbrook v. State,* 846 S.W.2d 155, 159 (Tex. App.–Fort Worth 1993, no pet.) (holding that when a defendant creates the circumstances which instigate the inflaming of his passion by precipitating a confrontation, a charge on involuntary manslaughter is not required); *Villegas v. State,* 791 S.W.2d 226, 239 (Tex. App.–Corpus Christi 1990, pet. ref'd) (holding that the defendant instigated the confrontation by coming into his aunt's home through the window causing her to react in disapproval).

Here, the evidence disclosed that 1) appellant had been told that the victim was staying at Garcia's house and that he should not come there, 2) appellant had been chased away from the house by Ortiz with a vacuum cleaner several weeks earlier, 3) appellant went to the house at 4:00 a.m. through a fence in the back yard while carrying a knife, 4) there was indication that the back door of the house may have been kicked by appellant, 5) Ortiz was first stabbed in the den which was entered by the back door, 6) blood spatter indicated Ortiz retreated to the kitchen, 7) Ortiz was stabbed 12 times, 8) three of the stab wounds were in Ortiz' back, 9) appellant's cousin smelled alcohol and crack cocaine on appellant's breath after the murder, 10) appellant clenched Ortiz as the latter was bent over a cabinet, and 11) appellant continued to stab Ortiz after Ortiz dropped his knife. From this, a rational jury could have determined beyond reasonable doubt that appellant provoked or instigated the confrontation by showing up at the house with a knife at 4:00 a.m. after being told that he was unwelcome. *See Nance v. State,* 807 S.W.2d 855, 861 (Tex. App.–Corpus Christi 1991, pet. ref'd) (finding that there was no need to instruct the jury on involuntary manslaughter since the defendant knew she was unwelcome and in danger if she entered the property but entered it anyway while armed and ready for a confrontation). And, to the extent appellant also claimed that he did not think Ortiz was in the house, he only wished to speak to Garcia, and Ortiz attacked him first, we say that the jury was the sole judge of the weight and credibility to assign the testimony. *Johnson v. State,* 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). It could believe him or not, and if it disbelieved him, we cannot say that it erred given all the circumstances of record.

In sum, there appears of record some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant not only murdered Ortiz but did it without

4

the influence of sudden, unprovoked passion. Also, such a conclusion would not be against the great weight and preponderance of the evidence, clearly wrong, or manifestly unjust under the circumstances. Consequently, the verdict enjoys the support of both legally and factually sufficient evidence.

### Issue 2 - Self-Defense

Appellant argues in his second issue that the evidence is insufficient to prove he was not acting in self-defense. We overrule the issue.

One is justified in using deadly force if a reasonable person in the actor's situation would not have retreated and he reasonably believes that deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. TEX. PEN. CODE ANN. §9.32(a) (1), (2) & (3) (Vernon 2003); Act of May 24, 1973, 63rd Leg., R.S. ch. 399, 1973 Tex. Gen. Laws 883, 901, *amended by* Act of May 29, 1983, 68th Leg., R.S., ch. 977, 1983 Tex. Gen. Laws 5311, 5316. Here, appellant testified that he acted in self-defense and presented evidence that the victim had a violent nature and previously attacked him without provocation over his relationship with Garcia. Yet, that appellant went to the house at 4:00 a.m., that he carried a knife with him, that he was previously told he was unwelcome at the house, that a witness heard banging at the rear door, that the rear door appeared to have been kicked, that appellant continued to stab Ortiz after the latter dropped his knife, that Ortiz was stabbed 12 times, that three of the wounds were inflicted in Ortiz' back, that the fatal blow was not inflicted by appellant until after Ortiz was unarmed and had retreated into the kitchen, that Ortiz had defensive wounds on his forearm, that appellant was atop Ortiz as the latter was unarmed and bent over a kitchen cabinet, that appellant would not stop fighting until Garcia appeared with a

5

weapon, and that appellant fled unhindered after Garcia appeared is evidence upon which a rational jury could base its decision, beyond reasonable doubt, that appellant did not act in self-defense but instead murdered Ortiz.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Do not publish.