Opinion issued December 16, 2010.

 



 

In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01047-CR

———————————

Eric Todd Ansley, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 11 

Harris County, Texas



Trial Court Case No. 1625538

 



 

MEMORANDUM OPINION

          A
jury convicted Eric Todd Ansley of the Class A misdemeanor offense of assault on a family member. See Tex.
Penal Code Ann. § 22.01(b)(2) (Vernon Supp. 2009).  Pursuant to an agreement with the state, the
trial court assessed punishment at one hundred days’ confinement.  On appeal, Ansley contends that the State
presented factually insufficient evidence that he caused bodily injury to his
sister, Litchie Jones.  We hold that the
evidence is factually sufficient, and therefore affirm.

Background

          In
August 2009, sixty-three year old Litchie Jones had returned home from church
when she saw her brother, Ansley, walking up her driveway.  Jones had opened her front door and closed and
locked her storm door, so she could see through to the street where Ansley’s
fiancée, Jackie Jones (“Jackie”), waited in the car. 

          Because
Jones believed that Ansley was angry about her decision to place their mother
in a nursing home, she refused to open the storm door for him.  She testified that Ansley became angry and
began yelling profanity-laced threats at her from outside.  When Ansley turned to leave, Jones opened the
storm door and stepped out onto the porch, at which point Ansley wheeled around
to face her.

According to Jones, Ansley then
grabbed her by her left arm and led her back to the house, pinning her against
the wooden door with one hand on her neck and shouting threats and insults at
her until she faked a heart attack and fell to the floor.  Jones testified that when Ansley grabbed her
neck she “felt fear more than anything,” but when he grabbed her by the arm she
felt pain “because [Ansley] squeezed [her] wrist very tight [as he] pulled
[her] back into the house.”  Jackie then
came to the door to ask Ansley to leave. 
Although he initially acquiesced, giving Jones time to re-lock the storm
door, he shortly returned to the door, broke the lock to re-enter the house,
retrieved his glasses, and left again. 
Although Jones did not sustain permanent physical injuries or seek
medical attention because of the incident, she vomited immediately after the
experience and was “just a bundle of nerves” for the rest of the day.

Jones’s sister, Marsha Sparks,
testified that she was on the phone with Jones when Ansley approached the
house.  She became alarmed on hearing a
barrage of threats and profanity.  After
she “heard [Ansley] tussling with [Jones] . . . [and] heard
her hollering[,]” she dialed 911 on her cell phone.  Hannah Brown, Jones’s neighbor, testified
that she too heard profanity coming from Jones’s house during the time of the
incident.  Brown recalled going to check
on a “clearly upset” Jones, who told her that Ansley had tried to choke her.  Finally, Houston Police Department Officer
K.B. Kelly arrived at her residence in response to a domestic disturbance
call.  He told the jury that, though he
saw no injuries or bruising on Jones, he noticed that the storm door was
broken. 

Jackie testified differently.
Contrary to Jones’s recollection of a belligerent and aggressive Ansley, Jackie
characterized Ansley’s demeanor as “very concerned about his mom being placed
in a nursing home . . . . His state of mind [was]
fine . . . .”  Jackie
testified that, as Jones and Ansley spoke through the screen door, she did not
hear any cursing.  She observed Jones’s
hand extended toward Ansley’s chest after Jones stepped outside onto the porch.

On cross-examination, Jackie
acknowledged that, while she characterized Ansley’s state of mind as
“concerned,” others might reasonably call it “upset.”  She also acknowledged that the conversation
between Ansley and Jones was not in a normal tone of voice. 

Before resting, the defense
re-called Jones’s sister, Sparks, to attempt to establish that the sisters had
a motive to fabricate the story of the assault. 
Sparks testified that she and Jones had decided, against the will of
Ansley and their brother, Marvin, to place their mother in a nursing home.  Sparks explained that the sisters could no
longer adequately care for their mother, and that, in spite of “a thousand
opportunities to step up[,]” the brothers had failed to provide help with their
mother’s care.  Sparks acknowledged that
the nursing home decision had created a great divide within the family.  Marvin later removed their mother from the
home.  Sparks admitted that she was
saddened by the fact that, since then, Marvin rarely allowed Sparks and Jones
and their side of the family to visit their mother.  

 

Discussion

          Ansley contends that the jury finding that that he
assaulted Jones should be reversed because the State failed to present
factually sufficient evidence to show that he caused Jones bodily injury.  

Standard of Review

An appellate court reviews both legal
and factual sufficiency challenges using the same standard of review.  Brooks
v. State, PD-0210-09, 2010 WL 3894613, at *14, 21–22 (Tex. Crim. App. Oct.
6, 2010); Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *2–4
(Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet. h.) (construing majority
holding in Brooks).  Under this
standard, evidence is insufficient to support a conviction if, considering all
the record evidence in the light most favorable to the verdict, no rational
fact finder could have found that each essential element of the charged offense
was proven beyond a reasonable doubt.  See Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358,
361, 90 S. Ct. 1068, 1071 (1970); Laster v. State, 275 S.W.3d 512, 517
(Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex.
Crim. App. 2007).  Viewed in the light most favorable to the verdict, the
evidence is insufficient under this standard in two circumstances:  (1)
the record contains no evidence, or merely a “modicum” of evidence, probative
of an element of the offense; or (2) the evidence conclusively establishes a
reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n.11, 320,
99 S. Ct. at 2786, 2789 n.11, 2789; Laster, 275 S.W.3d at 518; Williams,
235 S.W.3d at 750.  An appellate court
presumes that the fact finder resolved any conflicting inferences in favor of
the verdict and defers to that resolution.  See Jackson, 443
U.S. at 326, 99 S. Ct. at 2793; Clayton v. State, 235 S.W.3d 772, 778 (Tex.
Crim. App. 2007).  An appellate court may not re-evaluate the weight and
credibility of the record evidence and thereby substitute its own judgment for
that of the fact finder.  Williams, 235 S.W.3d at 750.

Assault on a Family Member

          A person commits assault if he intentionally, knowingly, or
recklessly causes bodily injury to another. 
Tex. Penal Code Ann. §
22.01(a)(1) (Vernon Supp. 2009).  “Bodily
injury” means physical pain, illness, or any impairment of physical
condition.  Id. § 1.07(a)(8).  This
definition of bodily injury is “purposefully broad and seems to encompass even
relatively minor physical contacts so long as they constitute more than mere
offensive touching.”  Lane v. State, 763 S.W.2d 785, 786 (Tex.
Crim. App. 1989).  Direct evidence that a
victim suffered pain is sufficient to show bodily injury.  Laster,
275 S.W.3d at 524.  Consequently, a
victim’s testimony that a perpetrator caused her physical pain by touching her
is enough to satisfy the “bodily injury” element of a crime.  See
Lewis v. State, 530 S.W.2d 117, 118 (Tex. Crim. App. 1975); Letson v. State, 805 S.W.2d 801, 806-07
(Tex. App.—Houston [14th Dist.] 1990, no writ) (holding that officer’s
testimony that appellant kicked him “pretty hard” in the groin, causing sharp
pain, was sufficient on issue of bodily injury to sustain assault conviction).

          Ansley
contends that his actions did not cause Jones bodily injury, and that the
record lacks any credible evidence to the contrary.  Ansley observes that Jones was the only
witness who testified that she suffered any injury.  He claims that Jones testified that she “did
not feel any physical pain” as a result of the assault.[1]  Ansley further contends that the jury had no
basis to find Jones’s testimony more credible than Jackie’s, and points out
that the jury heard that Jones and Sparks had motive to lie.

Ansley’s complaint that Jones did
not feel any physical pain is without merit. Although Jones testified that she
“felt fear more than anything” when Ansley grabbed her neck, she also stated
that she felt pain when Ansley grabbed her arm. 
Jones’s testimony that she felt pain is enough to meet the “bodily
injury” element of Ansley’s assault charge. See
Laster, 275 S.W.3d at 524. 

While Ansley presented his fiancée
Jackie’s testimony to contradict Jones’s version of the incident, the State
called Jones’s neighbor Hannah, her sister Marsha, and Officer Kelly as
witnesses. Each presented accounts of the day that more closely reflect
Jones’s.  Hannah and Marsha testified
that Ansley shouted threats and profanity, Marsha stated that she could hear
the sounds of a tussle over the phone, and Officer Kelly observed a broken
storm door at Jones’s house.  A
reasonable jury could conclude that these accounts lent credence to Jones’s depiction
of the encounter as hostile and even violent, contradicting Jackie’s
description of a mere “conversation” between Jones and Ansley.

          Finally,
we disagree with Ansley’s contention that the jury “had no basis to find the
testimony of [Jones] more credible than [Jackie’s].”  The jury could reasonably have doubted
Jackie’s credibility for several reasons, including her romantic involvement
with Ansley and her admissions on cross-examination.  The jury rejected Jackie’s version of events,
as was its prerogative.  See Jackson, 443 U.S. at 319; Williams, 235
S.W.3d at 750.  We conclude that the jury rationally
could have found that each element of the charged offense was proven beyond a
reasonable doubt.  Accordingly, we hold
that the evidence was factually sufficient to support the jury’s determination that Ansley assaulted Jones by causing her
bodily injury.  

 

 

 

 

Conclusion

          We
hold that factually sufficient evidence supports the jury’s verdict.  We therefore affirm the judgment of the trial
court.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 











[1] Ansley also claims that  Jones’s “testimony regarding bodily injury
was in response to a leading question.”  Ansley
did not object to the question at trial, and thus failed to preserve any error
on this issue for appellate review. Tex.
R. App. P. 33.1(a)(1).