Johnny L. KIZART, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–01326–CR.

Court of Appeals of Texas, Dallas.

Feb. 13, 1991.

---

John H. Hagler, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before ENOCH, C.J., and ONION [1] and CARVER [2], JJ.

## OPINION

ONION, Justice (Retired).

Johnny L. Kizart appeals his conviction for aggravated assault. Following the jury's verdict, the trial court, finding the enhancement allegations as to two prior felony convictions to be true, assessed appellant's punishment at thirty years' imprisonment.

Appellant advances three points of error. First, he urges a judgment of acquittal must be entered because a rational trier of fact could not have found that the State disproved the theory of self-defense beyond a reasonable doubt. Secondly, he urges that the trial court committed *Batson* error during jury selection, and lastly, the court erred in refusing to allow impeachment of the complaining witness with a prior felony conviction. We affirm.

On April 28, 1989, at about 8:30 a.m., David Clark ran out of gas while driving in South Dallas. Recognizing this was a "bad" area, he locked his wallet in the car. Taking a gallon gas can and a dollar and seven cents, Clark began to walk to a nearby service station. After Clark had walked several hundred yards he encountered a group of men standing near a telephone pole in a housing project. Two of the men were later identified as appellant and Billy Fisher. Fisher began asking Clark questions including an inquiry as to whether Clark had change for twenty dollars. Clark responded but kept walking. As he reached a nearby cemetery, he heard and then saw appellant and Fisher behind him. Fisher put his arm around Clark's neck and reached into Clark's shirt pocket, finding a beeper Clark used in a delivery business. Fisher then searched Clark's pant pockets asking where Clark's wallet was. Appellant stood a few feet away. As Fisher stepped back, Clark pulled his "little bitty" knife from his pocket. As he did, he observed that appellant had a knife. Clark told the men to leave him alone, that he had only enough money for a gallon of gas. He was frightened. Appellant then made a threatening gesture with a knife toward Clark and said: "I'll cut your white, m——— f——— throat." Appellant then picked up a large bottle, saying to Clark, "I'll beat your brains out." Fisher finally took appellant by the arm while telling him that Clark

---

1. The Honorable John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

"ain't got nothing." As the men walked off, appellant threw the bottle down.

Clark flagged down a city maintenance vehicle and the police were called. When the police officers arrived, they drove Clark through the housing projects. Clark pointed out appellant and Fisher, and the police officers found a knife on appellant. They also found the bottle where appellant had abandoned it.

Appellant did not testify or offer any evidence. The trial court submitted the case to the jury in accordance with the indictment. The court also charged on the law of parties and submitted the issue of self-defense to the jury.

Initially, appellant urges that a judgment of acquittal must be entered since a rational trier of fact could not have found that the State disproved the theory of self-defense beyond a reasonable doubt. Self-defense is a justification excluding criminal responsibility and as such is a defense. *Luck v. State*, 588 S.W.2d 371, 375 (Tex. Crim.App.1979), *cert. denied*, 446 U.S. 944, 100 S.Ct. 2171, 64 L.Ed.2d 799 (1980). Once a defendant has met the burden of producing sufficient evidence to raise the defense, the State is required to disprove the defense beyond a reasonable doubt. *Hernandez v. State*, 774 S.W.2d 319, 322 (Tex.App.—Dallas 1989, pet. ref'd); *Hunt v. State*, 779 S.W.2d 926, 927 (Tex.App.— Corpus Christi 1989, pet. ref'd); TEX. PENAL CODE ANN. §§ 2.03(d), 9.31 (Vernon 1974).

■ A defendant need not testify in order to raise the issue of self-defense. Self-defense may be raised by the evidence when witnesses testify to the defendant's acts and words at the time of the offense. *Smith v. State*, 676 S.W.2d 584, 585–87 (Tex.Crim.App.1984); *Reed v. State*, 703 S.W.2d 380, 384–85 (Tex.App.—Dallas 1986, pet. ref'd). In the instant case, the court submitted the issue of self-defense in its charge to the jury. Putting aside any question whether the evidence actually raised the issue, we observe that appellant bases his argument solely on the testimony of Clark, the complaining witness. He calls attention to Clark's testimony that he didn't see appellant's knife until he had pulled his own, and that appellant's threats followed such action. Initially, Clark testified that appellant was holding a knife before he extracted his own knife from his pocket and asked the two men to leave him alone. Later, Clark testified that after he pulled his knife out, appellant brought his hand up from his side without reaching into his pocket and that the threats were then made, but he did not believe appellant acted in response to his own actions. The evidence shows that the appellant and Fisher approached Clark together and it was Fisher's strong-arm search of Clark which provoked Clark's defensive action in pulling his knife. It was then that appellant threatened Clark with a knife and a bottle and appellant left only upon Fisher's persuading him that Clark had "nothing."

Whether the State disproved self-defense beyond a reasonable doubt was a question of fact to be determined by the trier of fact. *Nelson v. State*, 573 S.W.2d 9, 12 (Tex.Crim.App. [Panel Op.] 1978). The jury is the trier of fact, the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. TEX. CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979). The jury may accept or reject any part or all of the testimony of the witnesses. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App. [Panel Op.] 1978).

In resolving a sufficiency question in a case involving affirmative defenses, we view all the evidence in the light most favorable to the jury's verdict. *Torres v. State*, 751 S.W.2d 705, 707 (Tex.App.—Corpus Christi 1988, pet. ref'd). In doing so, we conclude that a rational trier of fact could have found that the State disproved the theory of self-defense beyond a reasonable doubt. *Hunt*, 779 S.W.2d at 322. Appellant's first point of error is overruled.

■ In his second point of error, appellant urges that *Batson* error was committed during jury selection. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After the jury was selected but before it was sworn, appellant requested a *Batson* hearing. Without any attempt to first establish a prima facie showing of purposeful discrimination in the

exercise of peremptory challenges, appellant called upon the prosecutor to tender any explanation for striking "those individuals." The trial court permitted the same without any objection from the State. The prosecutor was sworn and on "direct" examination was asked to give her reasons for striking five veniremembers. This interrogation indicated that appellant was black and that at least four of the five veniremen were also black. Appellant did not interrogate the prosecutor in an effort to show that any of the explanations given were a sham or pretext. He offered no argument or evidence to the trial court to show why such reasons should not be accepted as genuine. The trial court overruled the *Batson* motion. It should be remembered that a defendant has the initial as well as the ultimate burden "to persuade the trial judge by a preponderance of evidence that the allegations of purposeful discrimination are true in fact." *Tompkins v. State*, 774 S.W.2d 195, 202 (Tex.Crim.App.1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

On appeal there is no information about the racial makeup of the jury venire or the racial composition of the resulting jury. Our own examination of the appellate record shows that both parties exhausted their allotted peremptory strikes, but the record does not show a complete racial breakdown of the strikes of both parties or other relevant circumstances. The record is insufficient to enable appellant to show he sustained his burden as to purposeful discrimination in this post-*Batson* case. *See Mathews v. State*, 768 S.W.2d 731, 732 (Tex.Crim.App.1989); *Alridge v. State*, 365 S.E.2d 111, 113 (Ga.1988); *Adams v. State*, 186 Ga.App. 599, 367 S.E.2d 871, 874 (1988). "The burden is on the defendant to present an appellate record that is sufficiently complete to demonstrate error. Tex.R.App.P. 50. Neither the holding in *Batson* nor any decision by the Court of Criminal Appeals interpreting *Batson* negate this basic rule of appellate procedure." *McKinney v. State*, 744 S.W.2d 252, 256 (Tex.App.— Waco 1987, no pet.).

In addition, we observe that on appeal, appellant complains of only three of the State's peremptory challenges. After noting the State's explanations and listing the general factors from *Keeton v. State*, 749 S.W.2d 861 (Tex.Crim.App.1988), appellant simply states in his brief "... the reasons offered by the prosecutor were not legitimate and thus failed to sustain the State's burden." No argument or further reasoning is advanced. The brief is not in accordance with Rule 74(f) of the Texas Rules of Appellate Procedure.

■ Further, in our examination of the explanations by the State for the exclusion of the three veniremen the reasons appear to be racially neutral. The failure to properly fill out a juror information card and nonverbal behavior, such as facial expressions, have been held to be racially neutral reasons for peremptory strikes. *Chandler v. State*, 744 S.W.2d 341, 344 (Tex.App.— Austin 1988, no pet.); *Branch v. State*, 774 S.W.2d 781, 784 (Tex.App.—El Paso 1989, pet. ref'd). A prosecutor can also use legitimate hunches and past experience in exercising peremptory challenges so long as racial discrimination is not the motive. *Jones v. State*, 781 S.W.2d 415, 418 (Tex. App.—Houston [1st Dist.] 1989, pet. ref'd). In light of the record before us, we cannot say the trial court's ruling was "clearly erroneous." *Whitsey v. State*, 796 S.W.2d 707 (Tex.Crim.App.1990) (op. on reh'g). Appellant's second point of error is overruled.

■ In his third point of error, appellant contends the trial court erred in refusing to permit him to impeach the complaining witness with a prior felony conviction. Out of the jury's presence, appellant established that Clark had been convicted of sexual abuse of a child on June 29, 1977, and was released from confinement in June 1979. While the release date was more than ten years prior to the date of this trial (October 16, 1989), Clark had subsequently been convicted of the misdemeanor offenses of passing a worthless check and theft in 1979 and 1981, both offenses involving moral turpitude. The trial court allowed the use of the two misdemeanor convictions for the purpose of impeachment, but prohibited the

use of the felony conviction. Rule 609(b) of the Texas Rules of Criminal Evidence provides:

> **Time Limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for the conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The presumptive exclusion of remote convictions is grounded on a belief in an individual's ability to reform. To be admissible, the probative value of convictions more than ten years old must *substantially* outweigh their unfair prejudicial effect. Thus, rule 609(b) mandates a more stringent balancing test for such older convictions than is employed for more recent convictions. *See* TEX.R.CRIM.EVID. 609(a). Both standards place the burden of proof upon the impeaching party.

Evidence of subsequent and more recent convictions involving felonies or moral turpitude, however, tends to refute the idea of reformation by demonstrating that the older conviction was not merely an isolated incident. *See McClendon v. State*, 509 S.W.2d 851, 855–57 (Tex.Crim.App.1974). There was no showing that the prior remote felony conviction involved deceit, fraud, cheating, or stealing, which are generally considered more probative of an untrustworthy disposition than crimes of violence. *See Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967). Here, there was no swearing match between witnesses. The credibility issue involved that of the alleged victim of a robbery whose testimony was largely undisputed. The question of the remoteness of a prior conviction is still addressed largely to the discretion of the trial court as it was under the former practice. *Watkins v. State*, 572 S.W.2d 339, 342 (Tex.Crim.App. [Panel Op.] 1978). We conclude that the trial court did not abuse its discretion in excluding the felony conviction. The third point of error is overruled.

The trial court's judgment is affirmed.