NO. 07-02-0037-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL15, 2002



______________________________




PAULA AINSWORTH, APPELLANT



V.



KENTON RAGSDALE, APPELLEE




_________________________________



FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. D-164,304; HONORABLE MILTON SHUFFIELD, JUDGE



_______________________________


 

Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Paula Ainsworth filed a pro se notice of appeal from a summary judgment
that appellee Kenton Ragsdale recover $148,500 plus interest and attorney's fees. The
clerk's record was filed on January 17, 2002. Ms. Ainsworth's brief was due to be filed on
February 18, 2002, but has yet to be filed, and no motion for extension of time has been
filed. By letter dated March 20, 2002, this Court notified Ms. Ainsworth of the defect and
also directed her to reasonably explain the failure to file a brief together with a showing
that Kenton Ragsdale has not been significantly injured by the delay by April 1, 2002. Ms.
Ainsworth did not respond and the brief remains outstanding.

 Accordingly, we dismiss this appeal for want of prosecution and for failure to comply
with an order of this Court. See Tex. R. App. P. 38.8(a)(1) and 42.3(a) and (c).


 Don H. Reavis

 Justice



Do not publish.



Later in the evening, the party moved from the restaurant to a building known as "the
ranch" just outside the city limits. Several guests played pool while others were dancing,
drinking, and listening to music. Terry Richardson testified that Corpus "went to mean
mugging again" and gesturing as if to pick a fight. Corpus uttered something in Spanish to
Terry Richardson and a brawl ensued. Terry Richardson broke a pool stick over his knee
to use as a weapon. The owner of the premises, David Jaramillo, and other guests pushed
Richardson to the floor to keep him from hitting anyone. 

 Meanwhile, the victim confronted Corpus and asked if he had a problem, to which
Corpus responded, "No." Witnesses testified the victim turned away and Corpus said
something to him. (3) As the victim turned back around he was stabbed by Corpus. Several
guests at the party took the victim to a local emergency room, where he later died from a
single stab wound that penetrated his heart. 

 A Hockley County grand jury indicted Corpus alleging that he did "intentionally or
knowingly cause the death of an individual namely, Jerome Palmer Richardson, by
stabbing him with a knife." 

 Corpus admitted stabbing the victim, but claimed he acted in self-defense and, at
the punishment stage, while under the influence of sudden passion. He argues on appeal
the evidence is factually insufficient to support the conviction because the jury's rejection
of his defense of self-defense is contrary to the great weight and preponderance of the
evidence. (4) He also contends the evidence is factually insufficient to support the jury's
finding on the punishment special issue relating to sudden passion.

 Corpus testified at trial that the events surrounding the stabbing happened quickly. 
He said the victim walked up to him and asked if "I had a problem." He replied in the
negative, and "backed up towards the wall." Terry Richardson was nearby. Corpus feared
for his safety, "to an extent," and felt threatened. The victim, holding a beer bottle in one
hand, hit Corpus three times in the face, knocking him against the wall and to the floor. 
Corpus "came back up" with his knife in his hand and stabbed the victim. He stabbed the
victim because he was scared. After the stabbing, Corpus said, he "got hit a few more
times." His injuries in the fight included a scrape over his right eye, a swollen lip and a
swollen left eye. 

 Self-defense is a justification excluding criminal responsibility and as such is a
defense. Tex. Pen. Code Ann. §§ 2.03(a), 9.02, 9.31 (Vernon 2003) (5); Luck v. State, 588
S.W.2d 371, 375 (Tex.Crim.App. 1979); Kizart v. State, 811 S.W.2d 137, 139
(Tex.App.-Dallas 1991, no pet.). See Zuliani v. State, 97 S.W.3d 589, 594 (Tex.Crim.App.
2003). A jury implicitly rejects the defense by finding the defendant guilty. Adelman v. State,
828 S.W.2d 418, 422 (Tex.Crim.App. 1992). 

 When a defendant raises a defense, he bears the initial burden to present evidence
raising the defense; however, once the defense is raised, the State bears the burden of
persuasion to disprove the defense. Zuliani, 97 S.W.3d at 594. The State's burden does
not decrease once the defense is raised; rather the State disproves the defense by proving
its case beyond a reasonable doubt. Id.

 A person is justified in using deadly force against another when and to the degree
he reasonably believes it is immediately necessary to protect himself against the other's
use or attempted use of unlawful deadly force, § 9.32(a)(3), and if a reasonable person in
the actor's situation would not have retreated, § 9.32(a)(2). The use of force against
another is not justified in response to verbal provocation alone. § 9.31(b)(1). 

 In this factual-sufficiency review we will consider all the evidence in a neutral light,
and determine if the jury was rationally justified in rejecting Corpus's defense of self-defense, and in finding guilt, beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477,
484-85 (Tex.Crim.App. 2004); (6) Zuliani, 97 S.W.3d at 594. There are two ways in which the
evidence may be insufficient. First, when considered by itself, evidence supporting the
rejection of the defense may be too weak to support the rejection beyond a reasonable
doubt. Zuniga, 144 S.W.3d at 484-485. Second, there may be both evidence supporting
rejection of the defense and evidence supporting its acceptance. Id. Weighing all the
evidence, the evidence supporting acceptance of the defense may be strong enough that
the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict
should not stand. Id. at 485. We give proper deference to the jury verdict, and to its
determinations involving credibility and demeanor of witnesses. Id. at 481; Johnson v.
State, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000); Cain v. State, 958 S.W.2d 404, 407
(Tex.Crim.App. 1997).

 When considering factual sufficiency of the evidence we must address the most
important evidence that the appellant contends undermines the jury's verdict. Sims v. State,
99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 

 Corpus points to evidence he was attacked and injured first before the stabbing, that
Terry Richardson had broken a pool stick over his knee to use as a weapon and the victim
was carrying a beer bottle, that the victim struck him three times with sufficient force to
knock him against a wall and knock him down, and that he received facial wounds serious
enough to be apparent several hours later when he was booked into jail. 

 Corpus's contention depends heavily on his version of the stabbing events. He was
the only witness who testified that the victim hit him before the stabbing. Jason Martinez
testified he saw Corpus on the floor with the victim, Terry Richardson and Jonathan
Singleton on top of him, hitting him. Martinez agreed Corpus was defending himself
against their attacks and was acting in self-defense. Martinez also said he saw Terry
Richardson holding a knife, and that Richardson was "flashing a knife" while the party was
at the restaurant. But Martinez did not claim to have seen the stabbing. He placed the
events he was describing near the room's door, across the room from the location Corpus
described. The events Martinez testified to as easily could have occurred after the
stabbing. He also testified he was a heavy drinker and had a lot to drink.

 Corpus's version of the stabbing was directly contradicted by the testimony of
Melissa Singleton and Marianne Richardson. Like Corpus, Singleton testified the victim
asked Corpus, "Do you have a problem?" and that Corpus responded, "No." But Singleton
said the victim then turned to walk away from Corpus, when Corpus made a comment to
the victim, causing him to turn back around, and Corpus stabbed him. Marianne
Richardson also testified the victim walked away, Corpus said something to him, he turned
back around and Corpus stabbed him. 

 Terry Richardson's testimony, and that of Melissa Singleton, placed him on the other
side of the pool table from Corpus at the time of the stabbing. The testimony Terry
Richardson broke a pool cue over his knee adds little to Corpus's self-defense theory
because Corpus testified he did not see Richardson take that action. Terry Richardson
confirmed he had a knife in his possession, but said he did not pull it out until most of the
fighting was finished, and threw it on the floor. (7)

 Nor do the wounds Corpus sustained require acceptance of his testimony that the
victim hit him before the stabbing. He and other witnesses testified to fighting that occurred
following the stabbing. 

 We have carefully reviewed the testimony of all the witnesses who described the
events surrounding the stabbing. Considering all the evidence in the proper light, we
conclude that evidence supporting the jury's implied rejection of Corpus's defense justifying
his use of deadly force is not so weak, nor the evidence in favor of the defense so strong,
as to preclude a finding of his guilt beyond a reasonable doubt. Zuniga, 144 S.W.3d at
484-485. The evidence supporting conviction is factually sufficient. Corpus's first point is
overruled. 

 Corpus's second point of error attacks the jury's rejection of his claim that he acted
under the immediate influence of sudden passion. At the punishment stage, a defendant
convicted of murder may raise the issue whether he caused the death under the immediate
influence of sudden passion arising from an adequate cause. Tex. Pen. Code Ann. §
19.02(d). If he proves, by a preponderance of the evidence, that he did so, the offense of
murder is reduced from a first degree felony to a second degree felony. Id.

 The court's charge on punishment included a special issue inquiring whether the jury
found by a preponderance of the evidence that Corpus caused the victim's death under the
immediate influence of sudden passion arising from an adequate cause. "Adequate cause"
and "sudden passion" were defined for the jury in accordance with the statutory definitions. 
§ 19.02(a)(1), (2). The jury returned a negative answer to the special issue.

 Although Corpus states his point of error as one challenging the factual sufficiency
of the evidence to support the jury's answer to the special issue, he correctly points out
that, because he bore the burden of persuasion on the special issue, the applicable
standard of review asks whether the jury's negative answer is so contrary to the great
weight and preponderance of the evidence as to be manifestly unjust. See Johnson v.
State, 23 S.W.3d at 9-10; Meraz v. State, 785 S.W.2d 146, 154-55 (Tex.Crim.App. 1990);
Naasz v. State, 974 S.W.2d 418, 421 (Tex.App.-Dallas 1998, pet. ref'd). 

 Corpus here relies on the same evidence he emphasized in support of his first point
of error. He contends the evidence showed he was first attacked before the stabbing, and
that the victim hit him three times, knocking him against the wall and to the floor. He points
also to the evidence Terry Richardson had broken a pool cue to use as a weapon and that
the victim had a beer bottle in his hand, and to the facial wounds he received. He argues
the evidence presents a picture of one being assailed, with his back to the wall, with no
means of retreat and no choice but to defend himself. He concludes the evidence
establishes he acted out of terror. 

 Like his argument on his first point, Corpus's contention with respect to sudden
passion depends largely on his version of the events surrounding the stabbing. While the
jury could have accepted his version, the jury also could have found credible the testimony
of two witnesses that the victim started to walk away from Corpus just before the stabbing,
and turned around to face Corpus only in response to a remark Corpus made. As noted,
no witness but Corpus testified that the victim hit him before the stabbing. It was the role
of the jury to evaluate the credibility of the witnesses who presented differing versions of
the events leading to the victim's death. See Johnson, 23 S.W.3d at 8. After reviewing the
entire record, and giving particular consideration to the evidence Corpus emphasizes, we
do not agree that the jury's negative answer to the "sudden passion" special issue was
contrary to the great weight and preponderance of the evidence. Corpus's second point
of error is overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 James T. Campbell

 Justice


 


Do not publish.
1. 
2. 

3. The record does not indicate what Corpus said to the victim. 
4. 

5. 
 
6. ' 
 
 
 
7. There is no contention Terry Richardson used his knife during the fight.