NO. 07-01-0254-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 18, 2002

_____

DAVID LE'RHONE JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 4343; HONORABLE DAVID MCCOY, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant David Le'Rhone Johnson appeals from his conviction for assault on a public servant. By six issues he challenges the jury charge, the sufficiency of the evidence, the makeup of the jury venire and the failure of the trial court to grant a mistrial because of improper evidence of extraneous offenses. We affirm.

On December 18, 2000, appellant was incarcerated in the Childress County jail. He began making what the jailers considered excessive, disruptive noise and was banging on the walls and doors of his cell. The jailers went to appellant's cell to try to calm him down and discovered a plastic glass on fire outside the cell. They called Childress County Sheriff's Deputy Randall Hendricks, who was then at home on his supper break, about the problem. Hendricks came to the jail. Hendricks and the jailers then went to appellant's cell, opened the door, and instructed appellant to come out. He refused and told the jailers that they were going to have to "come in and get me." Deputy Hendricks, who had unholstered his pepper spray in the event of difficulties with appellant, stepped into the cell and reached to grab appellant's shirt. Matters went downhill. Trial testimony was to the effect that during the ensuing few moments appellant struck Hendricks and Hendricks used pepper spray to subdue appellant.

Appellant was charged with assault on a public servant. See Tex. Pen. Code Ann. § 22.01 (Vernon 1994).[1] He was convicted by a jury and sentenced to 4 1/2 years incarceration in the Texas Department of Criminal Justice, Institutional Division.

By six issues appellant asserts reversible error. His first issue alleges error because the trial court improperly charged the jury as to appellant's right to resist arrest. Issue two challenges the failure of the trial court to charge the jury on the lesser-included offense of assault. Issues three and four challenge the legal and factual sufficiency of the evidence. Via issue five appellant asserts that his Sixth Amendment rights were violated

---

[1]Further reference to a provision of the Penal Code will be by reference to "PC § _."

because members of his race were excluded from the jury venire. Issue six urges that the trial court's jury instruction to disregard evidence of extraneous offenses was insufficient to cure error and the court should have granted a mistrial.

## ISSUE 1: FAILURE TO PROPERLY CHARGE THE JURY AS TO APPELLANT'S RIGHT TO RESIST

Appellant urges that although he did not testify, the evidence raised the issue of self-defense and that the trial court incorrectly charged the jury on such defense. He references cases such as Lavern v. State, 48 S.W.3d 356 (Tex. App.--Houston [14th Dist.] 2001, pet. refused), to support his position that evidence can raise the defense without his having testified. He points to two areas of testimony as the basis for his issue. First, he notes an inconsistency between a written report by Deputy Hendricks and Hendricks' trial testimony. Next he points to testimony of Sheriff's Deputy Bill Tribble, who was a jailer at the time of the incident on December 18, 2000.

Deputy Hendricks' trial testimony was that he instructed appellant to come out of the cell and appellant refused. According to Hendricks he had his pepper spray out of its holster, entered appellant's cell and grabbed appellant's shirt. Then appellant swung his fist at Hendricks, hit Hendricks on the shoulder and knocked him into the door of the cell. Hendricks then used his pepper spray to incapacitate appellant.

Hendricks filled out a report shortly after the incident. Hendricks wrote in the report that appellant swung at and hit Hendricks with appellant's left fist. At trial Hendricks

testified that appellant used his right fist, and acknowledged that his trial testimony differed in that aspect from his written report.

Tribble testified that before Hendricks entered appellant's cell, Tribble heard appellant say that appellant had his arms behind his back. Tribble did not see whether appellant's arms were behind his back at the time appellant made the statement. Nor did Tribble see appellant's fist strike Hendricks.

Appellant's position is that these parts of the record comprise some evidence that before appellant hit Hendricks, Hendricks used pepper spray on appellant and that such action by Hendricks comprised unlawful force, justifying appellant's actions in striking Hendricks. Appellant asserts that the trial court was required to instruct the jury on his defense and improperly did so.

The trial court's instruction to the jury placed the burden of proof on appellant to prove the defense by a preponderance of the evidence, as is prescribed for affirmative defenses. See PC § 2.04(a), (d). Appellant's requested instruction placed the burden of proof on the State to disprove that appellant's action was justified beyond a reasonable doubt. See PC §§ 9.02, 2.03(a), (d).

The trial court's instruction to the jury misplaced the burden of proof. Self-defense is justification excluding criminal responsibility. As such, it is not classified as an affirmative defense by the Penal Code, but is classified as a defense. See PC §§ 9.02, 2.03(a); Luck v. State, 588 S.W.2d 371, 375 (Tex.Crim.App. 1979); Kizart v. State, 811

4

S.W.2d 137, 139 (Tex.App.--Dallas 1991, no pet.). Once a defendant has produced sufficient evidence to raise what is classified as a defense by the Penal Code, the State is required to disprove the defense beyond a reasonable doubt. See PC § 2.03(c), (d); Kizart, 811 S.W.2d at 139; Hunt v. State, 779 S.W.2d 926, 927 (Tex.App.--Corpus Christi 1989, pet. ref'd).

We disagree with appellant's premise, however, that the evidence raised the defense. Assuming, *arguendo*, that pepper spraying of appellant by Hendricks before appellant hit Hendricks would have been use of "unlawful force" and would have justified appellant's action, a question which we do not decide, the testimony relied on by appellant to raise the issue did not do so. Appellant may well have had his hands behind his back before Hendricks entered the cell. But evidence that appellant had his hands behind his back before Hendricks entered the cell is not evidence that appellant kept his hands there when Hendricks entered the cell and grabbed appellant's shirt to extricate appellant from the cell. Hendricks' testimony was clear and unequivocal that he did not pepper spray appellant until after he entered the cell and appellant struck him and knocked him back into the cell door. The admitted discrepancy between Hendricks' written report and his trial testimony as to whether appellant struck Hendricks with appellant's left fist or his right fist does not contradict Hendricks' unimpeached testimony that he did not spray appellant until after appellant hit him.

The evidence does not raise the issue of self-defense and appellant was not entitled to an instruction on self-defense. Appellant does not assert that he was harmed

5

by the instruction given by the trial court aside from his claim that the jury should have been charged with the instruction he requested. We overrule appellant's first issue.

## ISSUE 2: FAILURE TO CHARGE THE JURY ON A LESSER INCLUDED OFFENSE OF ASSAULT

Appellant was indicted for ". . . intentionally and knowingly caus[ing] bodily injury to Randall Hendricks . . . and the defendant knew the said Hendricks was a public servant, . . . and the said offense was committed while Randall Hendricks was lawfully discharging an official duty . . . ." See PC § 22.01(b)(1). As in his first issue, appellant urges that there is some evidence that Deputy Hendricks pepper sprayed appellant before appellant hit Hendricks and that Hendricks' action was excessive force. Appellant reasons that because some evidence existed that Hendricks was using excessive force, then the record contained some evidence that Hendricks was not "lawfully discharging an official duty" because the use of excessive force is not lawful. He concludes that given such evidence, the jury could have found that even if he was guilty, he did not assault a public servant lawfully discharging an official duty and therefore he could only have been found guilty of assault. See PC § 22.01(a).

Under provisions of TEX. CRIM. PROC. CODE ANN. art. 37.09 (Vernon 1981),[2] an offense is a lesser-included offense if:

---

[2]Further references to a provision of the Code of Criminal Procedure will be by reference to "CCP art. _."

6

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission;  or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Determining whether a charge on a lesser-included offense is warranted presents a dual inquiry.  The first inquiry is whether the lesser offense is included within the proof necessary to establish the offense charged.  See Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993).  If so, the second inquiry is whether there is some record evidence from which a jury could rationally find that if the defendant is guilty, he is guilty only of the lesser offense.  Id.  Each definition of a lesser-included offense in CCP art. 37.09 is stated with reference to "the offense charged," and specifically states the manner in which the lesser-included offense differs from the offense charged.  See Bell v. State, 693 S.W.2d 434, 438 (Tex.Crim.App. 1985).  Thus, in considering appellant's issues, we must consider the offense as charged by the language of the indictment and compare the charged offense with the statutory elements of the lesser-included offenses which appellant alleges should have been charged.  Id. at 438, n.8; Sanders v. State, 664 S.W.2d 705, 708 (Tex.Crim.App. 1982) (op. on rehr'g.).

The offense for which appellant was indicted included the elements of assault, see PC § 22.01(a)(1), together with the additional element prescribed by PC § 22.01(b) that

7

appellant knew Hendricks was a public servant lawfully discharging an official duty. We have previously concluded that, even assuming, *arguendo,* that pepper spraying appellant before appellant hit him would have been use of excessive force by Hendricks and would have made his actions unlawful, the record does not contain any evidence that the pepper spraying of appellant took place before appellant hit Hendricks. Hendricks had his uniform on at the time of the incident, Hendricks had encountered appellant on prior occasions outside the jail and had then identified himself as a peace officer to appellant, and appellant does not assert that he did not know Hendricks was acting as a deputy sheriff. The evidence would not rationally have supported a finding that if appellant assaulted Hendricks, the assault was while Hendricks was acting otherwise than in lawful discharge of an official duty. Accordingly, the jury could not have rationally convicted appellant only of assault. See PC § 22.01(b)(1); Lavern, 48 S.W.3d at 361-62. We overrule appellant's second issue.

ISSUES 3 and 4: LEGAL AND FACTUAL
SUFFICIENCY OF THE EVIDENCE

By his third and fourth issues, appellant urges that the evidence was legally and factually insufficient to support his conviction. He briefs and argues the issues together, and we will address them together.

Appellant identifies three areas of allegedly insufficient evidence: (1) legal insufficiency that Hendricks was lawfully discharging an official duty when appellant hit him; (2) factual insufficiency that Hendricks suffered a bodily injury from appellant's

8

actions; and (3) factual insufficiency that appellant hit Hendricks. Evidence to support a conviction is legally sufficient if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis v. State, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996). All the evidence is reviewed, but evidence that does not support the verdict is disregarded. See, e.g., Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

Factual sufficiency review of the evidence begins with the presumption that the evidence supporting the jury's verdict was legally sufficient under the Jackson test. Clewis, 922 S.W.2d at 134. Factual sufficiency review is accomplished without viewing the evidence in the light most favorable to the prosecution, as the evidence is viewed in determining legal sufficiency. Id. The evidence is factually sufficient to support the verdict if the verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id. Stated otherwise, the evidence is not factually sufficient to support a conviction if the appellate court determines, after viewing all the evidence, both for and against the finding in a neutral light, that the proof of guilt is so obviously weak as to undermine the confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In undertaking review of evidentiary sufficiency challenges, we are mindful that the jury is the sole judge of the weight and credibility of the evidence. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Crim.App. 1997).

9

We will first address appellant's factual sufficiency challenge to evidence that appellant hit Hendricks and thus assaulted Hendricks, regardless of whether Hendricks was acting lawfully or unlawfully. Appellant urges that the evidence of appellant's striking Hendricks is so inconclusive and conflicting on the question that the jury's finding is clearly wrong and unjust. We disagree.

Hendricks testified clearly that appellant hit him and knocked him into the cell door. He testified that the next morning he had a bruise on his back where he hit the cell door, had pain in his shoulder, and had limited motion of his shoulder. He attributed all of the symptoms, bruising and physical limitations to appellant's striking him. Although Hendricks filed a report shortly after the incident and stated that appellant used his left fist in hitting him, even though appellant actually used his right fist, Hendricks at no time equivocated as to whether appellant hit him. Tribble testified that he did not have a good view of appellant and Hendricks when the incident occurred because of Tribble's position outside the cell. Tribble's statement that he did not see appellant strike Hendricks does not contradict Hendricks' testimony. In any event, conflicts in testimony and matters of credibility are for the jury to resolve. We conclude that after viewing all the evidence, both for and against the finding in a neutral light, that the proof of guilt is not so obviously weak as to be greatly outweighed by contrary proof. Thus, we conclude that the evidence that appellant struck Hendricks is factually sufficient. See Johnson, 23 S.W.3d at 11.

We next consider the factual sufficiency of the evidence to support a finding that Hendricks suffered bodily injury from appellant's actions. Appellant's challenge is based

10

on Hendricks' testimony that he did not have pain on the evening of December 18th and that he sought no medical attention, together with the inconsistency in Hendricks' description of which hand appellant used to strike him.

Bodily injury is defined by the Penal Code as meaning physical pain, illness, or any impairment of physical condition.  See PC §1.07(a)(8).  The Penal Code definition of "bodily injury" encompasses even relatively minor physical contacts.  See Lane v. State, 763 S.W.2d 785, 786 (Tex.Crim.App. 1989).

Hendricks testified, and was thoroughly cross-examined, about his physical condition as a result of the confrontation with appellant.  There is no evidence or testimony that he had impairment of his shoulder, pain in the shoulder or bruising on his back before the jailhouse incident with appellant.  He attributed his soreness, stiffness, limitation of motion and bruising which he noted on the following day to the episode with appellant. The Penal Code does not place a time limit on when manifestations of bodily injury are required to appear.  Nor do we, under these circumstances.  The causal relationship between the incident and Hendricks' bruise, pain and limitation of motion was for the jury to resolve.  The jury's finding of a causal connection is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  See Clewis, 922 S.W.2d at 134. The evidence is factually sufficient to support a finding that appellant's actions caused bodily injury to Hendricks.

11

Appellant's legal sufficiency challenge to evidence that Hendricks was lawfully discharging an official duty when appellant hit him refers, in part, to his arguments under issues one and two. In our analysis of such issues we have referenced Hendricks' testimony as to the sequence of events culminating in the pepper spraying of appellant. We need not repeat that analysis. We conclude, after viewing the evidence in the light most favorable to the prosecution, that a rational trier of fact could have found Hendricks was discharging a lawful duty when appellant hit him, and the evidence of such element of the crime is legally sufficient. See Jackson, 443 U.S. at 319; Clewis, 922 S.W.2d at 132. Appellant's third and fourth issues are overruled.

ISSUE 5: VIOLATION OF SIXTH AMENDMENT RIGHT
BY RACIAL MAKEUP OF JURY VENIRE

Appellant's fifth issue asserts that his rights under the Sixth Amendment to the federal constitution were violated by the small percentage of African-American members in the jury venire. He refers us to Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), Pondexter v. State, 942 S.W.2d 577 (Tex.Crim.App. 1997), and their progeny, as authority. In doing so, appellant recognizes that authority places the burden on him to prove, as part of his *prima facie* showing of a fair cross-section requirement violation, that the underrepresentation of a distinctive group in the jury venire is due to systematic exclusion of members of the group by the venire-selection process. See Duren v. Missouri, 439 U.S. 357, 364, 366, 99 S.Ct. 664, 668-69, 58 L.Ed.2d 579 (1979); Pondexter, 942 S.W.2d at 580-81. He does not claim that he proved a systematic

12

exclusion of African-Americans from the venire. Rather, he asserts that simply proving underrepresentation of African-Americans on the venire should suffice to meet his burden under the facts of his case. We disagree.

In considering appellate issues based on the federal constitution we follow the guidance of the United States Supreme Court. See State v. Guzman, 959 S.W.2d 631, 633 (Tex.Crim.App. 1998). And, it is axiomatic that intermediate Texas appellate courts have the duty to follow pronouncements of the Texas Court of Criminal Appeals. See Flores v. State, 883 S.W.2d 383, 385 (Tex.App.--Amarillo 1994, pet. ref'd). Both the United States Supreme Court and the Court of Criminal Appeals have held that in order to establish a *prima facie* violation of the requirement that a fair cross section of the community be represented in the venire, appellant must show that: 1) the group alleged to be excluded is a "distinctive" group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this underrepresentation is due to systematic exclusion of the group in the jury venire selection process. See Duren, 439 U.S. at 364, 99 S.Ct. at 668; Pondexter, 42 S.W.2d at 580. Despite appellant's argument that, as a practical matter, the systematic exclusion of African-Americans can never be proved in certain counties such as Childress county, we are not at liberty to disregard decisions by the United States Supreme Court or the Texas Court of Criminal Appeals. Appellant did not prove the third required element that the alleged underrepresentation

13

was due to a systematic exclusion of African-Americans. We overrule appellant's fifth issue.

## ISSUE 6: INSTRUCTION TO DISREGARD EVIDENCE
## OF EXTRANEOUS OFFENSES

By his sixth issue, appellant complains of the trial court's failure to grant a mistrial following testimony by Hendricks that Hendricks had arrested appellant "a couple of times" before the incident for which appellant was indicted. Such testimony by Hendricks violated a pretrial motion *in limine* which was granted. The testimony was timely objected to by appellant.[3] The trial court sustained the objection, directed that the testimony be stricken from the record and instructed the jury that the testimony was not to be considered for any purpose. Appellant's motion for mistrial was denied.

Denial of a motion for mistrial is reviewed under an abuse of discretion standard. See Ladd v. State, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. Id.

When testimony is interjected, deliberately or inadvertently, which has no relevance to any material issue in the case and which is potentially prejudicial to the accused, appellate courts presume that an instruction to disregard the evidence will be obeyed by

---

[3]Motions *in limine* do not preserve error. See Webb v. State, 760 S.W.2d 263, 275 (Tex.Crim.App. 1988). This is true whether the motion is granted or denied. See Willis v. State, 785 S.W.2d 378, 384 (Tex.Crim.App. 1989); Webb, 760 S.W.2d at 275.

14

the jury. See Gardner v. State, 730 S.W.2d 675, 696 (Tex.Crim.App.), *cert. denied*, 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987). Exceptions to the rule are those extreme cases where it appears that the evidence or other potentially prejudicial event is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the jury. Id.

We find guidance as to appellant's contention in Coe v. State, 683 S.W.2d 431 (Tex.Crim.App.1984) and Kelley v. State, 677 S.W.2d 34, 36 (Tex.Crim.App.1984). In Coe, defense counsel asked an officer who conducted a lineup if two particular witnesses had made a positive identification of the defendant. The officer replied "No, sir; they were the complaining witnesses in the other robberies." The Court of Criminal Appeals held that denial of defendant's motion for a mistrial was not reversible error. See Coe, 683 S.W.2d at 435-36. The defendant in Kelley was convicted of aggravated robbery. He was apprehended upon suspicion of driving while intoxicated. The arresting officer testified that he believed appellant was under the influence of drugs, in part because he saw needle marks on defendant's arm. An instruction for the jury to disregard the reference to the extraneous offense was held sufficient to cure any error. See Kelley, 677 S.W.2d at 36.

The testimony of Hendricks did not include the bases for appellant's prior arrests, nor any other information in connection with them. The trial court promptly had the jury removed from the courtroom to consider appellant's objection. When the jury was brought back into the courtroom, the judge instructed the jury that the testimony was to be

15

disregarded and not to be considered for any purpose. In the presence of the jury he ordered the testimony stricken from the record.

The trial court was able to observe the demeanor of the witness, the atmosphere in the courtroom, the reactions, if any, of the jurors, and gauge the effect of the court's actions and instruction on the jury in light of the status of the evidence and the nature of the charges against appellant. We do not believe the trial court abused its discretion in concluding that the instruction cured any potential prejudice from the testimony. See Ladd, 3 S.W.3d at 567; Kelley, 677 S.W.2d at 36.

Appellant additionally asserts that the trial court's instruction as it was given constituted error because it implied that a proper purpose existed for Hendricks' testimony. However, appellant did not object on such basis in the trial court. To preserve error for review, a litigant must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. See Tex. R. App. P. 33.1(a)(1)(A). The trial court was not afforded opportunity to rule on the contention made on appeal, and we decline to consider it. Id.

We overrule appellant's sixth issue.

CONCLUSION

Having overruled appellant's six issues, we affirm the judgment of the trial court.

16

Phil Johnson
Justice


Do not publish.