NO. 07-02-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 20, 2005

_____

JUSTIN CORPUS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 286TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 02-01-5222; HONORABLE ANDY KUPPER, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

**OPINION**

Appellant Justin Corpus was convicted by a jury of murder over his plea of not guilty and sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice. He raises two points of error on appeal. We will affirm the trial court's judgment.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Corpus attended a party at a restaurant in Levelland, Texas. A dispute arose between Terry Richardson and Corpus over music being played at the party. Terry Richardson placed an African-American rap CD in the CD player. Corpus replaced the CD with a Hispanic rap CD. There was a brief confrontation among Corpus, Terry Richardson, and the eventual victim, Jerome Palmer Richardson,[2] but the confrontation resolved itself without further difficulty there.

Later in the evening, the party moved from the restaurant to a building known as "the ranch" just outside the city limits. Several guests played pool while others were dancing, drinking, and listening to music. Terry Richardson testified that Corpus "went to mean mugging again" and gesturing as if to pick a fight. Corpus uttered something in Spanish to Terry Richardson and a brawl ensued. Terry Richardson broke a pool stick over his knee to use as a weapon. The owner of the premises, David Jaramillo, and other guests pushed Richardson to the floor to keep him from hitting anyone.

Meanwhile, the victim confronted Corpus and asked if he had a problem, to which Corpus responded, "No." Witnesses testified the victim turned away and Corpus said something to him.[3] As the victim turned back around he was stabbed by Corpus. Several guests at the party took the victim to a local emergency room, where he later died from a single stab wound that penetrated his heart.

---

[2]Terry Richardson and the victim Jerome Palmer Richardson were friends, but not related.

[3]The record does not indicate what Corpus said to the victim.

A Hockley County grand jury indicted Corpus alleging that he did "intentionally or knowingly cause the death of an individual namely, Jerome Palmer Richardson, by stabbing him with a knife."

Corpus admitted stabbing the victim, but claimed he acted in self-defense and, at the punishment stage, while under the influence of sudden passion. He argues on appeal the evidence is factually insufficient to support the conviction because the jury's rejection of his defense of self-defense is contrary to the great weight and preponderance of the evidence.[4] He also contends the evidence is factually insufficient to support the jury's finding on the punishment special issue relating to sudden passion.

Corpus testified at trial that the events surrounding the stabbing happened quickly. He said the victim walked up to him and asked if "I had a problem." He replied in the negative, and "backed up towards the wall." Terry Richardson was nearby. Corpus feared for his safety, "to an extent," and felt threatened. The victim, holding a beer bottle in one hand, hit Corpus three times in the face, knocking him against the wall and to the floor. Corpus "came back up" with his knife in his hand and stabbed the victim. He stabbed the victim because he was scared. After the stabbing, Corpus said, he "got hit a few more times." His injuries in the fight included a scrape over his right eye, a swollen lip and a swollen left eye.

---

[4]Corpus does not otherwise challenge the sufficiency of the evidence supporting the conviction.

Self-defense is a justification excluding criminal responsibility and as such is a defense. Tex. Pen. Code Ann. §§ 2.03(a), 9.02, 9.31 (Vernon 2003)[5]; *Luck v. State*, 588 S.W.2d 371, 375 (Tex.Crim.App. 1979); *Kizart v. State*, 811 S.W.2d 137, 139 (Tex.App.–Dallas 1991, no pet.). *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex.Crim.App. 2003). A jury implicitly rejects the defense by finding the defendant guilty. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex.Crim.App. 1992).

When a defendant raises a defense, he bears the initial burden to present evidence raising the defense; however, once the defense is raised, the State bears the burden of persuasion to disprove the defense. *Zuliani*, 97 S.W.3d at 594. The State's burden does not decrease once the defense is raised; rather the State disproves the defense by proving its case beyond a reasonable doubt. *Id.*

A person is justified in using deadly force against another when and to the degree he reasonably believes it is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force, § 9.32(a)(3), and if a reasonable person in the actor's situation would not have retreated, § 9.32(a)(2). The use of force against another is not justified in response to verbal provocation alone. § 9.31(b)(1).

In this factual-sufficiency review we will consider all the evidence in a neutral light, and determine if the jury was rationally justified in rejecting Corpus's defense of self-defense, and in finding guilt, beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477,

[5]References to sections are to the Texas Penal Code Annotated (Vernon 2003) unless otherwise noted.

484-85 (Tex.Crim.App. 2004);[6] *Zuliani*, 97 S.W.3d at 594. There are two ways in which the evidence may be insufficient. First, when considered by itself, evidence supporting the rejection of the defense may be too weak to support the rejection beyond a reasonable doubt. *Zuniga,* 144 S.W.3d at 484-485. Second, there may be both evidence supporting rejection of the defense and evidence supporting its acceptance. *Id.* Weighing all the evidence, the evidence supporting acceptance of the defense may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so the guilty verdict should not stand. *Id.* at 485. We give proper deference to the jury verdict, and to its determinations involving credibility and demeanor of witnesses. *Id.* at 481; *Johnson v. State*, 23 S.W.3d 1, 8-9 (Tex.Crim.App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997).

When considering factual sufficiency of the evidence we must address the most important evidence that the appellant contends undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Corpus points to evidence he was attacked and injured first before the stabbing, that Terry Richardson had broken a pool stick over his knee to use as a weapon and the victim was carrying a beer bottle, that the victim struck him three times with sufficient force to knock him against a wall and knock him down, and that he received facial wounds serious enough to be apparent several hours later when he was booked into jail.

---

[6]Corpus argues that the jury's rejection of his defense is contrary to the great weight and preponderance of the evidence. The Court of Criminal Appeals clarified the standard of review for factual sufficiency in *Zuniga* which was handed down after briefs were filed in this appeal.

Corpus's contention depends heavily on his version of the stabbing events. He was the only witness who testified that the victim hit him before the stabbing. Jason Martinez testified he saw Corpus on the floor with the victim, Terry Richardson and Jonathan Singleton on top of him, hitting him. Martinez agreed Corpus was defending himself against their attacks and was acting in self-defense. Martinez also said he saw Terry Richardson holding a knife, and that Richardson was "flashing a knife" while the party was at the restaurant. But Martinez did not claim to have seen the stabbing. He placed the events he was describing near the room's door, across the room from the location Corpus described. The events Martinez testified to as easily could have occurred after the stabbing. He also testified he was a heavy drinker and had a lot to drink.

Corpus's version of the stabbing was directly contradicted by the testimony of Melissa Singleton and Marianne Richardson. Like Corpus, Singleton testified the victim asked Corpus, "Do you have a problem?" and that Corpus responded, "No." But Singleton said the victim then turned to walk away from Corpus, when Corpus made a comment to the victim, causing him to turn back around, and Corpus stabbed him. Marianne Richardson also testified the victim walked away, Corpus said something to him, he turned back around and Corpus stabbed him.

Terry Richardson's testimony, and that of Melissa Singleton, placed him on the other side of the pool table from Corpus at the time of the stabbing. The testimony Terry Richardson broke a pool cue over his knee adds little to Corpus's self-defense theory because Corpus testified he did not see Richardson take that action. Terry Richardson

-6-

confirmed he had a knife in his possession, but said he did not pull it out until most of the fighting was finished, and threw it on the floor.[7]

Nor do the wounds Corpus sustained require acceptance of his testimony that the victim hit him before the stabbing. He and other witnesses testified to fighting that occurred following the stabbing.

We have carefully reviewed the testimony of all the witnesses who described the events surrounding the stabbing. Considering all the evidence in the proper light, we conclude that evidence supporting the jury's implied rejection of Corpus's defense justifying his use of deadly force is not so weak, nor the evidence in favor of the defense so strong, as to preclude a finding of his guilt beyond a reasonable doubt. *Zuniga,* 144 S.W.3d at 484-485. The evidence supporting conviction is factually sufficient. Corpus's first point is overruled.

Corpus's second point of error attacks the jury's rejection of his claim that he acted under the immediate influence of sudden passion. At the punishment stage, a defendant convicted of murder may raise the issue whether he caused the death under the immediate influence of sudden passion arising from an adequate cause. Tex. Pen. Code Ann. § 19.02(d). If he proves, by a preponderance of the evidence, that he did so, the offense of murder is reduced from a first degree felony to a second degree felony. *Id.*

---

[7]There is no contention Terry Richardson used his knife during the fight.

The court's charge on punishment included a special issue inquiring whether the jury found by a preponderance of the evidence that Corpus caused the victim's death under the immediate influence of sudden passion arising from an adequate cause. "Adequate cause" and "sudden passion" were defined for the jury in accordance with the statutory definitions. § 19.02(a)(1), (2). The jury returned a negative answer to the special issue.

Although Corpus states his point of error as one challenging the factual sufficiency of the evidence to support the jury's answer to the special issue, he correctly points out that, because he bore the burden of persuasion on the special issue, the applicable standard of review asks whether the jury's negative answer is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. *See Johnson v. State*, 23 S.W.3d at 9-10; *Meraz v. State*, 785 S.W.2d 146, 154-55 (Tex.Crim.App. 1990); *Naasz v. State*, 974 S.W.2d 418, 421 (Tex.App.–Dallas 1998, pet. ref'd).

Corpus here relies on the same evidence he emphasized in support of his first point of error. He contends the evidence showed he was first attacked before the stabbing, and that the victim hit him three times, knocking him against the wall and to the floor. He points also to the evidence Terry Richardson had broken a pool cue to use as a weapon and that the victim had a beer bottle in his hand, and to the facial wounds he received. He argues the evidence presents a picture of one being assailed, with his back to the wall, with no means of retreat and no choice but to defend himself. He concludes the evidence establishes he acted out of terror.

Like his argument on his first point, Corpus's contention with respect to sudden passion depends largely on his version of the events surrounding the stabbing. While the jury could have accepted his version, the jury also could have found credible the testimony of two witnesses that the victim started to walk away from Corpus just before the stabbing, and turned around to face Corpus only in response to a remark Corpus made. As noted, no witness but Corpus testified that the victim hit him before the stabbing. It was the role of the jury to evaluate the credibility of the witnesses who presented differing versions of the events leading to the victim's death. *See Johnson*, 23 S.W.3d at 8. After reviewing the entire record, and giving particular consideration to the evidence Corpus emphasizes, we do not agree that the jury's negative answer to the "sudden passion" special issue was contrary to the great weight and preponderance of the evidence. Corpus's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.


James T. Campbell
Justice


Do not publish.